### THE LESSEE OF AMBROSE WALDEN, PLAINTIFF IN ERROR, *vs.* JOHN CRAIG'S HEIRS AND OTHERS, DEFENDANTS IN ERROR.

In a scire facias to revive a judgment in ejectment, where it is stated that the term recovered is yet unexpired, this is sufficient. It is not required that the term as laid in the declaration, and that facts showing its continuance should be stated.

When the Court have given leave, on motion, to extend the term in a demise, and the amendment is specific, it is not necessary to interline it in the declaration. If leave to amend the declaration had been given generally, and the amendments had not been interlined, it would be different.

In Kentucky there is no law which limits a revival of judgments; and at law, lapse of time can only operate by way of evidence. From lapse of time, and favourable circumstances, the existence of a deed may be presumed, or that an obligation has been discharged; but this presumption always arises under pleadings which would render the facts presumed proper evidence. A demurrer to a scire facias raises only questions of law on the facts stated in the writ of scire facias; no evidence is heard by the Court on the demurrer; and consequently there is no presumption against the judgment on which the writ issued, from lapse of time.

The marshal, on his return to a scire facias to revive a judgment in ejectment, stated that two of the defendants were dead. This return does not become matter of record, like the fact of service of the writ, stated in the return; and cannot be taken advantage of by demurrer. A plea in abatement was the proper method of taking advantage of the decease of those of the defendants who were deceased. On this plea, the plaintiff could have taken issue, and have had the facts ascertained by a jury.

To a scire facias to revive a judgment in ejectment, it is not necessary to make the executors or administrators of deceased defendants parties; the subject matter in dispute being land, over which they have no control. The law is well settled, that where a defendant in ejectment dies, the judgment must be revived against both his heirs and the terre tenants.

Service of process or notice, is necessary to enable a Court to exercise jurisdiction in a case; and if jurisdiction be taken in a case in which there has been no process or notice, the proceeding is a nullity. But this is only where original jurisdiction is exercised, and not a decision of a collateral question, in a case where the parties are before the Court.

After judgment, the parties are still in Court, for all the purpose of giving effect to it. And in the action of ejectment, the Court having power to extend the demise after judgment, the defendant may be considered in Court, on a motion to amend, as well as on any other motion or order which may be necessary to carry into effect the judgment. In no correct sense is this power of amendment similar to the exercise of an original jurisdiction between parties on whom process has not been served.

IN error to the Circuit Court of the United States for the District of Kentucky.

This case was argued by Mr. Underwood for the plaintiff in error; and by Mr. Crittenden for the defendant.

As stated in the brief and argument for the defendant, the case was: "This is a scire facias to revive a judgment on ejectment of the District Court of the United States for the Kentucky District, which Walden's lessee had recovered against Lewis Craig and Abraham Shockey, on the 19th day of June, 1800. The scire facias bears date the 27th of March, 1837; and, Lewis Craig having previously died, it was sued against his heirs and Abraham Shockey, and also against Thomas Blair, as tenant in possession. The defendants demurred to the scire facias, and also pleaded nul tiel record, on both

[The Lessee of Walden *vs.* Craig's Heirs et al.]

which issues were joined; and on both, the Court, (having heard the evidence on the latter issue,) being of opinion in favour of the defendants, gave judgment for them.

"The plaintiff excepted to the decision of the Court against him, on the issue of nul tiel record; and, by his bill of exceptions, has spread upon the record the evidence by which, on his part, he attempted to sustain that issue.

"This evidence consisted, 1st, of the record of proceedings in the original action of ejectment by Walden's lessee *vs.* Craig, &c., and the judgment therein in favour of the plaintiff, rendered on the 19th of June, 1800, 'for his term, &c., yet to come and unexpired, together with his costs,' &c. The demise in the declaration on which this judgment is rendered was for a term of ten years, from the 15th of August, 1789.

"And, 2dly, the record of an entry made in the same case, on the 8th of May, 1824, in these words: to wit: 'On motion of the plaintiff in the above cause, by his attorney, leave is given to amend the declaration by extending the demise to fifty years; which is done accordingly. But executions not to go out before the 1st day of March next.'

"This, it is presumed, is all the evidence that can be judicially regarded as belonging to this case, or made part of it by the bill of exceptions, though it further appears, from what has been incorporated in the record, that, on the 2d June, 1812, an execution of haberi facias issued on the judgment in ejectment, and that afterwards, at the July term, 1813, it was quashed because it had been issued 'after the expiration of the demise in the declaration.' And it also appears that, in the year 1835, Thomas Blair, the tenant in possession, made application to the Court to annul and set aside the order of May, 1824, for extending the demise; and that this application was overruled by a division of the judges."

Mr. Crittenden for the defendant in error.

If the decision of the Court was correct, either upon the demurrer to the scire facias, or upon the plea of nul tiel record, the judgment for the defendants was right. And they contended that the Court decided correctly on both the points.

First, as to the demurrer.—The law of Kentucky having dispensed with the necessity of a declaration upon a writ of scire facias, it has been adjudged, in many cases, that the scire facias must answer the end of a declaration, and must set out all such facts as will warrant a judgment upon it. Dozier *vs.* Gore, 1 Littell's Rep. 164. 5 Littell's Rep. 59. Holland *vs.* Boulden, 4 Monroe, 148. And, in the case of Wood *vs.* Coghill, 7 Monroe, 601, it was decided by the Court of Appeals of Kentucky, that a scire facias, to revive a judgment in ejectment, must state the term yet to come, as laid in the declaration; for that, if the term has expired, there can be no writ of possession on the judgment.

We insist, therefore, that the scire facias in this case, not stating

the term as laid in the declaration in ejectment, nor any facts that showed its continuance, is fatally defective. And if we are permitted, upon the demurrer, to look beyond the scire facias, and to aid its want of averments by reference to the record of the judgment that it seeks to revive, and with which it is "intimately connected," (as is intimated in the case of Thompson, &c. *vs.* Dougherty's Heirs, 3 J. J. Marshall,) then it will appear that, in point of fact, the term for which that judgment was rendered had long before expired. For this defect, therefore, equally apparent on the face of the scire facias and of the judgment, the demurrer was correctly sustained.

We furthermore submit to the Court, whether the lapse of time, being more than thirty-six years from the date of the original judgment to that of the scire facias, does not warrant that decision. A less period of time would, by the laws of Kentucky, have sufficed not only to cancel Walden's right of entry, but all his right and title to the land in contest. And it would seem, therefore, by strong analogy, that he ought not to be permitted, by the revival of a judgment so ancient, to escape those wholesome laws that secure long-continued possessions; and to assert, in this indirect mode, rights that could not be sustained in any other form of action.

Secondly, as to the plea of nul tiel record.—By the issue on that plea, the plaintiff was bound to produce the record of a judgment for a term then (in the year 1837) unexpired. The judgment which he offered in evidence was rendered the 19th June, 1800, for a term of ten years, commencing the 15th August, 1789. It is needless to say more than that here there was, in the most material particular, a clear and obvious failure of proof on his part. And the only evidence by which it was attempted to supply this defect was the order of Court made, on the motion of the plaintiff, upon the 8th of May, 1824, giving him leave to amend his declaration by "extending the demise to fifty years;" and which, as the same entry proceeds to state, "is done accordingly."

This order cannot help the plaintiff, or have any effect, for two reasons : 1st. Because the amendment it gave leave to make was not in fact made, as the record shows ; and the entry made in 1824, that it "is done accordingly," cannot be regarded, as it is apparent that amendment or extension of the demise was never made. 1 Monroe, 113. 2d, The order itself is a nullity, made ex parte on the plaintiff's motion, without notice to the defendants, or to any one interested to defend ; and that, after the parties to the judgment in ejectment had been out of Court for more than twenty years.

By the settled law of Kentucky, and by the uniform adjudications of her Courts it is now established, that they have no power to permit or authorize any such extension of the demise after judgment, without the assent of the opposite party. Owings *vs.* Marshall, 3 Bibb, 27.

This Court, however, in the case of Walden et al. *vs.* Craig, 9 Wheat. 576, determined that the Federal Circuit Court for Kentucky might grant leave, after judgment, to enlarge the term stated in the

N 2

declaration; and that, under the circumstances of that case, the motion for such leave ought to have been sustained. It is evident, from this decision, that it is not a matter of course, or of right, on the part of the plaintiff, to have such leave; and that the exercise of the power or discretion of the Court to grant it, depends on the circumstances of the case. Notice to the parties to be affected by such a proceeding, is just as necessary as it is in any other form of litigation; and that no judgment or judicial proceeding can bind or affect any man who has had no warning, notice, or opportunity of defence, is supposed to be a primary principle of justice and jurisprudence, that requires no illustration or authority for its support.

The motion and leave to amend, in this case, being without notice, and wholly ex parte, are null and without effect.

If amendments of this character are allowed, the whole object of the statute of limitations is defeated. If a party can lay by for such a length of time, and then restore himself to the same condition he was in when the suit was originated, by such an extension of the term, no statute can operate.

In England some leave must be obtained by the party from the Court, before a scire facias to revive a judgment can be sued out. It is a judicial writ. But this is not the law in Kentucky. Without an application to the Court, the writ may be sued out; but no one in Kentucky would, in the Courts of that state, assert the validity and operation of the scire facias sued out in this case.

Mr. Underwood, for the plaintiff in error.

He contended, that the extension of the demise in this case was fully within the power of the Court. Although it is considered that the defendants in the ejectment were constructively in Court when the order was made, yet their presence is not necessary. The Court exercise a discretion in the matter. They will not see the purposes of justice defeated, and they interfere always to prevent this.

The plaintiff had been prevented by the introduction of bills in Chancery, from obtaining any advantage from his judgment of recovery; the controversy between him and the other parties began in 1789, and by delays which he could not control, but for the just indulgence of the Court in extending the demise, all the benefits of his recovery in the ejectment would have been lost. Upwards of fifty years have passed; and should this Court affirm the judgment of the Circuit Court, the property to which the plaintiff has shown himself entitled to, at law and in equity, will be irretrievably lost to him.

The granting and the refusal of the extension of the demises in ejectment have been held by this Court to be within the discretion of the Court. The refusal of an extension has been decided by this Court, not to be the subject of a writ of error. It was not then competent for the Circuit Court, at a later period in this case, to interfere with the action of the Court in a matter exclusive in its jurisdiction and power.

In Walden *vs.* Craig, 9 Wheaton, this Court decided that the demises in a declaration might be extended ; and held, that no writ of error would lie on this having been done in the Circuit Court. In this case, if notice of the motion to the Court to extend the demise was necessary, it was given. The presumption always is, that the requisites to a proceeding by a Court have been complied with.

A printed argument, by Mr. Wickliff, for the plaintiff in error, was handed to the Court.

Mr. Justice M'LEAN delivered the opinion of the Court.

These cases are brought before this Court, from the Circuit Court of Kentucky, by writs of error.*

The plaintiff in error, who was the plaintiff in the Circuit Court, issued two writs of scire facias, to revive the judgments rendered in the above cases the 19th of June, 1800, against Shockey and Rose, the original defendants, and the heirs of Craig. Alias writs were-issued, and on the first and second writs the marshal returned served on several of the heirs named ; and that Shockey and Rose were deceased.

In both cases, the defendants demurred to the writs of scire facias, and also pleaded nul tiel record. Issue being joined, the Court gave judgments for the defendants on both issues ; to revive which judgments these writs of error were prosecuted.

A bill of exceptions spreads upon the record the evidence that was before the Court on the issue of nul tiel record.

We will first consider the questions arising on the demurrer.

It seems to be the practice in Kentucky not to file a declaration on a writ of scire facias, but to consider the writ as the declaration.

It is insisted that these writs are all defective in not stating the term as laid in the declarations, nor any facts which showed its continuance : and a decision in 7 Monroe, 601, where it is stated that a scire facias to revive a judgment in ejectment, must state the term yet to come, as laid in the declaration is relied on.

In the above writs it is stated that the term recovered is yet unexpired : and we think this allegation is sufficient. It would be an extremely technical rule to require greater strictness than this. In 1 J. J. Marshall's Rep. 5, the Court of Appeals say, if a scire facias contain such recitals as will point to the judgment intended to be revived, with such certainty that the defendant must know what judgment was meant, it will be sufficient. And again, in 3 J. J. Marshall, 564, the Court held, that where the scire facias contained an extract from the judgment, and referred to the record and proceedings in the suit, it was good. That execution is awarded on the original judgment, and the proceedings on that judgment being referred to in the writ, if the term had expired, the defendant might show it

* *Note.*—Two cases were before the Court, involving the same questions. This opinion was delivered in the two cases.

The amendments made in 1824, which extended the demises fifty years, not being inserted in the declarations, it is insisted that they cannot be considered as a part of the records referred to in the writs of scire facias. If leave had been generally given to amend, and no amendments of the declarations had been made, the objection would be insurmountable. But the amendments were specific, and they were entered on the records of the Court; and they referred to the cases; so that no complete records of them could be made without including these amendments. It was therefore unnecessary to interline them in the declarations.

The writs by statements of facts and by references, we think contain sufficient certainty.

But it is contended that the demurrers should be sustained on the ground of lapse of time.

The judgments sought to be revived were entered in 1800; but how is the lapse of time to operate?

It is not pretended that there is any statute or rule in Kentucky, which limits a revival of the judgments; and it is very clear, that at law, lapse of time can only operate by way of evidence.

From lapse of time and favourable circumstances, the existence of a deed may be presumed, or that an obligation has been discharged; but this presumption always arises under pleadings which would render the facts presumed proper evidence. A demurrer raises only questions of law, on the facts stated in the writs of scire facias themselves. No evidence is heard; and, consequently, there is no ground for presumption from lapse of time.

Can the demurrer be sustained on the ground of the marshal's return that Shockey and Rose, defendants in the judgments, are dead?

The marshal's return, it is said, becomes a matter of record, and therefore, advantage may be taken of this defect by demurrer.

It is admitted that the marshal's return of service, or non-service, which he endorses on the process, and of which he has official knowledge, becomes matter of record, and is binding on the parties. But the marshal can only know, in common with other citizens, of the decease of a person named in the writ; and if he endorse the fact of such decease, though it may be spread on the record, it is clearly not binding on the parties. Shall a rumour, which shall, in the opinion of the marshal justify such endorsement, make the fact a matter of record? It may excuse the officer, but it does not bind the party whose rights are involved.

The demurrers treat the fact of the death of these defendants as matter of record; and if it be matter of record it cannot be controverted. In this view, then, if the rumour on which the marshal made the endorsement be false, the rights of the plaintiff are forever concluded. He cannot revive his judgment against the heirs of living defendants; and yet he cannot dispute the fact of their decease, as entered on the record.

A plea in abatement was the proper mode of taking advantage

of the decease of these defendants. On this plea the plaintiff could take issue on the fact of the decease, and have it ascertained by the verdict of a jury. Bac. Ab. Abatement, L. Chitt. Plead. 442. If these defendants be dead, it would be error to revive the judgments without the service of process on their representatives. But demurrers cannot be interposed which shall treat the fact of their decease as matter of record; and which may prevent the plaintiff from issuing other writs in the cases.

In every view which we can take of the questions properly arising on the demurrers, we think the Circuit Court erred in sustaining them.

As the subject matter of dispute is land over which the administrators or executors of the deceased defendants have no control, we do not perceive the necessity or propriety of making them parties in the writs.

The law is well settled, that where a defendant in ejectment dies, the judgment must be revived by a scire facias against both his heirs and the terre tenants. 2 Salk. 598. 600. 2 Saund. 7, n. 4. Cro. Jac. 506. And this is the rule of practice in Kentucky.

We come now to consider the evidence offered and rejected by the Circuit Court, under the issue of nul tiel record.

The records offered were rejected on the ground that the amendments made in 1824, extending the demise in each case to fifty years, having been made without notice to the defendants or the terre tenants, were null and void.

In both cases the demise had expired before the judgments were entered; but the fact seems not to have been noticed by the counsel on either side.

In 1800, and shortly after the rendition of the judgments, the defendants filed a bill setting up an adverse, and as they alleged, a paramount equitable title to that of Walden for the land in controversy; and obtained an injunction to stay proceedings on the judgments. This injunction was continued until May term, 1809, when it was dismissed by the Court for want of jurisdiction.

In 1811, another bill was filed and an injunction obtained, which at May term, 1812, was dissolved; and in 1813, the bill was dismissed by the complainants, at rules, in the clerk's office.

Writs of possession were issued the 2d June, 1812, which at July term, 1813, were quashed, on the ground that the demises had expired.

At July term, 1817, a rule was entered for the defendants, Craig and Rose, to show cause, at the next term, why the demise in the declaration should not be extended. And at November term, 1821, the Court overruled the motion. To this decision a bill of exceptions was taken, which stated that the above rule had been served on the defendants.

A writ of error was taken out and the decision of the Court in the case, is reported in 9 Wheat. 576. In their opinion, the Court say, that the power of amendment is extended, at least, as far in

20

the thirty-second section of the Judiciary Act as in any of the British statutes; and that there is no species of action to which the discretion of the Court, in this respect, ought to be more liberally applied than to the action of ejectment. The proceedings are all fictitious, fabricated for the mere purposes of justice; and there is every reason for allowing amendments in matters of mere form. "And," they say, "there is peculiar reason in this case, where the cause has been protracted, and the plaintiff kept out of possession beyond the term laid in the declaration, by the excessive delays practised by the opposite party. The cases cited by the plaintiff's counsel in argument are, we think, full of authority for the amendment which was asked in the Circuit Court; and we think the motion ought to have prevailed."

But the Court decided that they could not take jurisdiction of the case, as a writ of error would not lie on the decision of a collateral motion in a cause.

After this decision of the Court was certified to the Circuit Court, the following entry was made on the record. "And afterwards, to wit, at the May term of the Court aforesaid, in the year 1824, until which time the motion to extend the demise in the declaration was continued, &c. and leave is given on motion to amend the declaration by extending the demise to fifty years; which is done accordingly."

In the other case against Craig and Shockey, there does not appear to have been a rule entered for the extension of the demise, or that notice was served of the motion. But the same entry was made of the continuance of the motion and the extension of the demise, as in the other case.

In one of the cases, then, there is evidence of notice having been given, but not in the other. And the question may be considered, whether there having been no notice, the amendment must be considered as void. If it be only erroneous and voidable, the Circuit Court erred in rejecting the record.

The demises in the declarations having expired before the judgments, they could not authorize writs of habere facias possessionem; but they were not void. They were judgments on which executions might issue for the damages and costs. And the amendments having relation back to the expiration of the demises, gave vitality to both the judgments, the same as if the terms had originally been stated at fifty years.

It is admitted that the service of process, or notice, is necessary to enable a Court to exercise jurisdiction in a case; and if jurisdiction be taken where there has been no service of process, or notice, the proceeding is a nullity. It is not only voidable, but it is absolutely void. But this is only where original jurisdiction is exercised; and not a decision of a collateral question in a case where the parties are before the Court.

If it were necessary, notices in the cases under consideration might well be presumed. For it does not follow that no notices were

given, because none appear upon the record. The fact or notice may be proved by parol. But however convenient in practice, and indeed, necessary, to some extent, to preserve from prejudice the rights of parties, notice in such cases may be; still it is a question of practice. It does not go, except under a positive rule, to the exercise of the power of amendment by the Court.

After the judgment, the parties are still in Court for all the purposes of giving effect to it. And in the action of ejectment, the Court having power to extend the demise after judgment, the defendant may be considered in Court on this motion to amend as well as on any other motion or order which may be necessary to carry into effect the judgment. In no correct sense is the exercise of this power of amendment similar to the exercise of an original jurisdiction, between parties on whom process has not been served.

No new parties are made on the record, and no rights of the terre tenants are barred by the extension of this legal fiction: a fiction formed by the Courts, and modified by them for the great purposes of justice.

The plaintiff's title was established by the judgment; and it would be most unreasonable and unjust to deny him the fruits of these judgments, on the ground that the fictitious lease had expired, and which the Court had power to amend.

The judgments are described with sufficient accuracy; and there being no objection to the records except the one above considered, we think the Circuit Court erred in excluding the judgments as evidence: and on this ground also are the judgments of that Court reversed.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Kentucky, and was argued by counsel. On consideration whereof, it is ordered and adjudged by this Court, that the judgment of the said Circuit Court, in this cause be, and the same is hereby, reversed with costs, and that this cause be, and the same is hereby, remanded to the said Circuit Court with directions to proceed therein, according to law and justice, and in conformity with the opinion of this Court.