## McMULLEN v. WATERS. (No. 3948.)

(Court of Appeals of District of Columbia. Submitted December 5, 1923.
Decided February 5, 1924.)

1. **Judgment ⊕⇒863—In scire facias to revive judgment, defendant may plead any matter in bar.**

   A proceeding by scire facias to revive a judgment is in the nature of an action, and defendant may plead any matter in bar of execution.

2. **Judgment ⊕⇒870(4)—To subject realty to judgment lien, innocent purchaser must be made party to scire facias proceeding.**

   Before real estate, subject to a judgment lien, which has passed into the ownership and possession of an innocent purchaser, can be subjected to an execution issued in a scire facias proceeding, purchaser must have been made a party to that proceeding.

3. **Judgment ⊕⇒870(8)—Fiat on scire facias may issue, directing execution against both judgment debtor and present owner.**

   Where the original judgment was a valid lien on real estate now owned and in the possession of a purchaser, he was properly brought in as a party to a scire facias proceeding, and a judgment fiat issued, directing execution to issue against both judgment debtor and purchaser.

Appeal from the Supreme Court of the District of Columbia.

Scire facias proceedings by Joseph J. Waters, administrator of Louisa Pearce, deceased, against Robert T. McMullen, last grantee in fee and holder of the land herein described, and another. From a judgment of fiat, directing the issuance of execution, the named defendant appeals. Affirmed.

John U. Gardiner, of Washington, D. C., for appellant.
Joseph J. Waters, of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. Appellee, plaintiff below, obtained a judgment by default in the Supreme Court of the District of Columbia on December 2, 1910, against one S. Emma Waugh. At the time the judgment was rendered Waugh was seized and possessed of certain real estate in this district. Thereafter Waugh conveyed the real estate to her son, who in turn sold it to appellant McMullen;

the appellant, so far as the record discloses, being the purchaser for full value without knowledge of the lien of the judgment.

No action was taken on the judgment until July 28, 1922, when plaintiff, never having sued out an execution, sought to revive the judgment by scire facias proceedings. A writ of scire facias on the judgment was issued, in which appellant McMullen was named as grantee and holder of the real estate and as "defendant and terre-tenant." Execution was prayed against both Waugh and the appellant for the amount of the judgment, with interest and costs.

Service was had upon the appellant, who appeared and moved to quash the writ. The motion was overruled, and a judgment of fiat on the scire facias was entered, directing execution to issue against both the judgment debtor and appellant, to be levied on the land in question as described in the writ. From the judgment of fiat, McMullen, the terre-tenant, alone has appealed.

Error is assigned in overruling the motion of appellant to quash the writ of scire facias, in rendering the judgment of fiat on said writ, and ordering execution against the land in question.

[1] A proceeding by scire facias to revive a judgment is in the nature of an action, and the defendant may plead any matter in bar of execution. "Ordinarily the writ of scire facias to revive a judgment is a judicial writ to continue the effect of, and have execution of, the former judgment, although in all cases it is in the nature of an action, as defendant may plead any matter in bar of execution, as, for instance, a denial of the existence of the record or a subsequent satisfaction or discharge." Owens v. Henry, 161 U. S. 642, 645, 16 Sup. Ct. 693, 694 (40 L. Ed. 837). Nor is this in conflict with the holding of this court in Collins v. McBlair, 29 App. D. C. 354, 358, since the court was there considering the life of a judgment, revived by writ of scire facias, where the defendant failed to appear, and not the question of the right of execution against real estate, held by a terre-tenant who has been made a party in the revival proceedings.

[2] It follows that before real estate, subject to the lien of the original judgment, which has passed into the ownership and possession of an innocent purchaser, can be subjected to an execution issued in a scire facias proceeding, the purchaser must have been made a party to that proceeding. Speaking of the necessity of including terre-tenants in the scire facias proceeding, the court in Polk v. Pendleton, 31 Md. 123, said:

"They are in as of the estate of the judgment debtor, and before the judgment can be revived, and enforced by execution against the land, so as to divest their title, it is necessary to warn them by the scire facias, so that they may have an opportunity of making their defense and of claiming contribution from others holding lands of the judgment debtor, bound by the judgment."

To the same effect, see Walsh v. Boyle, 30 Md. 270; Wright v. Ryland, 92 Md. 645, 656, 48 Atl. 163, 49 Atl. 1009, 53 L. R. A. 702; Walden v. Craig's Heirs, 14 Pet. 147, 153, 10 L. Ed. 393.

[3] In the present case appellant McMullen was properly brought in as a party to the scire facias proceeding, and there is no inhibition of law in this District to restrain the court from issuing a judgment of

fiat on the scire facias, and directing execution to issue against both the judgment debtor and appellant. The original judgment being a valid lien upon the real estate, now owned and in the possession of the appellant, the execution may be levied and the judgment satisfied against said land.

The judgment is affirmed, with costs.