NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 16, 2013
Decided December 18, 2013

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-1567

In re:

| | |
|---|---|
| LAMBROS J. KUTRUBIS,<br>    *Debtor.* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division. |

LAMBROS J. KUTRUBIS,
    *Defendant-Appellant,*

    *v.*

GLORIA BOWMAN,
    *Plaintiff-Appellee.*

No. 1:12-cv-04042

Sharon Johnson Coleman,
*Judge.*

**O R D E R**

In this appeal from an adversary proceeding in bankruptcy, Defendant-Appellant Lambros J. Kutrubis asks us to overturn a default judgment against him because the

bankruptcy court lacked personal jurisdiction over him. But Kutrubis did not raise this defense when he filed his motion to vacate the default judgment with the bankruptcy court. Instead, he waited until appealing the bankruptcy court's order to the district court to point out the deficiency. The district court concluded that Kutrubis was too late. Lack of personal jurisdiction falls within the "use it or lose it" category of defenses—a party who fails to argue it at the first opportunity loses the right to raise it in the future. By filing a motion to vacate the default judgment in the bankruptcy court on other, non-jurisdictional grounds, the district court determined that Kutrubis waived his right to contest the issue on appeal.

We agree with the district court. Kutrubis waived his personal jurisdiction challenge by failing to bring it to the attention of the bankruptcy court in its motion to vacate default. Because we see no reason to excuse his waiver, we affirm the district court's judgment.

## I. BACKGROUND

In January 2010, retired Cook County Circuit Court Judge Lambros J. Kutrubis filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois. Although Kutrubis initially filed a petition for reorganization under Chapter 11 of the Bankruptcy Code, the case was ultimately converted into a Chapter 7 liquidation proceeding.

One of Kutrubis's creditors was Gloria Bowman, the daughter of Kutrubis's ex-wife. In June 2010, Bowman (proceeding pro se) filed a proof of claim against Kutrubis's bankruptcy estate. Bowman asserted two claims: an unsecured claim of $11,500 arising out of the resolution of Kutrubis's divorce case and a secured claim of $1,000,000 for unpaid rents from one of Kutrubis's real estate properties. Kutrubis objected to both claims as overstated and unsubstantiated. On January 25, 2011, the bankruptcy court disallowed Bowman's secured claim entirely but allowed her an unsecured claim of $2,500. In May 2011, Bowman filed a motion to compel Kutrubis to produce certain documents. On June 29, 2011, the court granted her motion in part and ordered Kutrubis to turn over certain categories of documents to Bowman.

On September 12, 2011, Bowman filed a pro se adversary complaint objecting to the discharge of Kutrubis's debts under various provisions of the Bankruptcy Code. That same day, Bowman issued a copy of the complaint and a summons to Kutrubis informing him of the need to file a response within 30 days and to appear at an initial status hearing on October 19, 2011. Bowman demonstrated her proper service of Kutrubis in the "Proof of Service Summons Executed" which she filed with the court on September 20, 2011. Two weeks later, Bowman filed an Amended Adversary Complaint. Kutrubis claims that he did not receive the Amended Adversary Complaint. On December 27, 2011, the bankruptcy court held a status hearing on Bowman's amended pleading. At the hearing, Bowman advised the court that she wished to file a second amended complaint.

On January 11, 2012, Bowman filed her Second Amended Complaint in which she pled a new basis for the court to bar discharge of Kutrubis's debts. The new count sought to prevent discharge pursuant to 11 U.S.C. § 727(a)(6)(A) because of Kutrubis's failure to comply with the bankruptcy court's June 2011 order requiring him to turn over documents to Bowman. Bowman did not issue a summons in connection with her Second Amended Complaint. Although she filed a document styled "Summons Service Executed on Lambros J. Kutrubis," the document had no summons attached. Kutrubis never filed an answer to the Second Amended Complaint and never filed an appearance in Bowman's adversary action.

On February 28, 2012, Bowman filed a motion for default judgment on the claims alleged in her Second Amended Complaint. The bankruptcy court granted the motion and denied Kutrubis's discharge "on account of his disobedience of court orders that were entered in this case."

Kutrubis filed a motion to vacate the default judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1). In his motion, Kutrubis asserted two arguments: (1) the court made a manifest error of law in discharging his debts; and (2) Kutrubis's failure to answer was due to excusable neglect. On April 3, 2012, the bankruptcy court denied the motion. In its oral ruling, the court noted that Kutrubis had been served with Bowman's original adversary complaint a year before the entry of default and that during that time he had made no effort to file an appearance or otherwise comply with court procedures.

After losing his bid to vacate the judgment, Kutrubis appealed the bankruptcy court's decision to the district court. On appeal, Kutrubis argued for the first time that the bankruptcy court erred in entering default judgment against him because Bowman did not properly serve him with the Second Amended Complaint. Without proper service, Kutrubis argued, the bankruptcy court lacked personal jurisdiction over him in the adversary proceeding.

The district court affirmed. While acknowledging that Bowman had not properly served the Second Amended Complaint, the court held that Kutrubis had waived any challenge to the bankruptcy court's personal jurisdiction over him by failing to raise it in his motion to vacate the default judgment. Kutrubis now appeals.

## II. ANALYSIS

Kutrubis maintains that the district court erred in concluding that he waived his personal jurisdiction claim by failing to raise it before the bankruptcy court. We review the district court's waiver determination for an abuse of discretion. *See Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be

exercised on the facts of individual cases"); *Interface Group-Nevada, Inc. v. Trans World Airlines, Inc.* (*In re Trans World Airlines, Inc.*), 145 F.3d 124, 132 (3d Cir. 1998) (reviewing district court's waiver determination in bankruptcy appeal for abuse of discretion).

As an initial matter, Kutrubis argues that he was not properly served with Bowman's Second Amended Complaint. Federal Rule of Civil Procedure 5 applies in adversary proceedings in bankruptcy courts. Bankr. R. 7005. Under Rule 5(a)(2), a pleading asserting a new claim for relief against a party who is in default for failing to appear must be served on that party pursuant to Rule 4. Fed. R. Civ. P. 5(a)(2). Rule 4 requires a party to serve a summons with a copy of the complaint upon the defendant in order to effectuate service. Fed. R. Civ. P. 4(c)(1). In other words, a party seeking to amend its complaint to add a new claim against a party in default must serve the amended pleading along with summons on the defaulted party. Fed. R. Civ. P. 4(c)(1), 5(a)(2).

Bowman did not serve her Second Amended Complaint in accordance with the Federal Rules. At the outset, Bowman properly served her original adversary complaint on Kutrubis, which required him to file an answer or otherwise respond within 30 days. But Kutrubis did not file an answer or an appearance in the case, so he was a party in default. *See Peterson v. Islamic Rep. of Iran*, 627 F.3d 1117, 1130 n.5 (9th Cir. 2010). In order for Bowman to amend her adversary complaint to assert a new cause of action against Kutrubis, she had to serve him with a summons and a copy of the amended pleading. Fed. R. Civ. P. 4(c)(1), 5(a)(2). This she did not do. Generally speaking, her failure to effectuate proper service would preclude the bankruptcy court's exercise of personal jurisdiction over Kutrubis and invalidate any resulting judgment by the court. *See Lessee of Walden v. Craig's Heirs*, 39 U.S. 147, 154 (1840) ("[S]ervice of process, or notice, is necessary to enable a Court to exercise jurisdiction in a case … if jurisdiction be taken where there has been no service of process, or notice, the proceeding is a nullity.").

Despite the absence of personal jurisdiction, the district court did not err in declining to invalidate the bankruptcy court's judgment based on Kutrubis's failure to raise this procedural defect in a timely manner. "Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." *Ins. Corp. of Ir., Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 703 (1982). One way in which a party may waive its personal jurisdiction objection is by failing to raise it at the earliest opportunity. For example, the Federal Rules provide that a defendant waives a lack of personal jurisdiction defense by failing to include it in its motion to dismiss, responsive pleading, or amendment. *See generally* Fed. R. Civ. P. 12(h)(1). Similarly, if a party's first opportunity to raise personal jurisdiction comes about in a motion to vacate a default, and the party does not make the argument, courts generally consider the issue waived. *See e360 Insight v. Spamhaus Project*, 500 F.3d 594, 601 (7th Cir. 2007) ("[A]lthough a party is not

required to file a Rule 60(b) motion in the district court to raise challenges to the entry of a default judgment, this court has recognized that when a party does so, the failure to raise certain defenses specifically may waive those defenses for purposes of appeal of the underlying judgment"); *Swaim v. Moltan Co.*, 73 F.3d 711, 718 (7th Cir. 1996) ("[I]n personam jurisdictional challenges to default judgments are forfeited if not asserted in a Rule 60(b) motion"); *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1400-01 (7th Cir. 1993) (holding that defendant waived insufficiency of process objection by failing to raise it in motion to vacate default). Kutrubis did not raise the personal jurisdiction issue in his motion to vacate before the bankruptcy court, instead invoking the "excusable neglect" provision of Rule 60(b)(1). Because Kutrubis neglected to raise this issue at the first available opportunity, the district court made no error in determining that he could not raise it on appeal.

While conceding that he did not raise the personal jurisdiction issue at the appropriate time, Kutrubis still contends that he should be excused from application of waiver principles in this case. He argues that the district court should have overlooked his failure to raise the service issue because Bowman never established a prima facie case that service of process was correct. Kutrubis correctly identifies Bowman's burden if Kutrubis had challenged the court's jurisdiction. *See, e.g., Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005) (describing plaintiff's burden to establish showing of service in response to personal jurisdiction challenge raised in initial Rule 60(b)(4) motion to vacate). But Kutrubis did not raise this issue with the bankruptcy court, so Bowman's failure to make the required jurisdictional showing is irrelevant. If Bowman's service was so obviously deficient, then Kutrubis should have raised it with the bankruptcy court in his motion to vacate. Instead, he elected to pursue other avenues to avoid default before the bankruptcy court. Nor should the bankruptcy court be expected to raise this deficiency on its own and do Kutrubis's homework for him. *See e360 Insight*, 500 F.3d at 599 ("We see no reason to require the district court to raise sua sponte affirmative defenses, which may, of course, be waived or forfeited, on behalf of an appearing party who elects not to pursue those defenses for itself.").

Finally, Kutrubis argues that we should exercise our discretion to consider his personal jurisdiction challenge even though he raised it for the first time on appeal to the district court. "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton*, 428 U.S. at 120. However, a federal appeals court has discretion to consider these issues in certain circumstances. *See id.* at 121 ("Certainly there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt … or where 'injustice might otherwise result'"); *Cnty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 820 (7th Cir. 2006) ("In the rare case in which failure to present a ground to the district court

has caused no one—not the district judge, not us, not the appellee—any harm of which the law ought to take note, we have the power and the right to permit it to be raised for the first time to us."). We do not think that Kutrubis's case warrants this extraordinary exercise of discretion. To grant Kutrubis the relief he seeks would encourage strategic assertion of the personal jurisdiction defense by parties, a practice sought to be curtailed by Rule 12(h) and similar rules related to motions to vacate. *See generally Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 914 (7th Cir. 1994) ("It would defeat the purpose of requiring prompt assertion of the defense of lack of personal jurisdiction if the defendant, having raised an objection to personal jurisdiction at the outset as required, could without any penalty fail or refuse to press it … and not seek to correct that impression until he appealed from an adverse final judgment on the merits.").

### III. CONCLUSION

The judgment of the district court is AFFIRMED.