## SAPULPA REFINING CO. et al. v. POORE et al.

No. 14077—Opinion Filed June 12, 1923.

(Syllabus.)

**1. Master and Servant—Workmen's Compensation—Motions After Award—Hearing Unnecessary.**

Section 10, art. 2, ch. 246, Session Laws 1915 (Workmen's Compensation Law), has no application to a motion filed by the claimant for a lump sum award after a hearing has been had and an award made, and notice of a hearing upon such motion is not required.

**2. Same—Commuting Periodical Payments to Lump Sum—Findings of Fact Unnecessary.**

By the provisions of section 15, art. 2, ch. 246, Session Laws 1915, the State Industrial Commission, whenever it shall deem advisable, may commute the periodical payments of compensation to one or more lump sum payments, provided the same shall be in the interest of justice; but it is not incumbent upon the commission to make findings of fact in connection with its order commuting such payments.

Error from Industrial Commission.

Action by the Sapulpa Refining Company and Consolidated Underwriters to reverse lump sum award of workman's compensation to W. P. Poore. Affirmed.

Lydick & Wilson, for petitioners.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for respondents.

COCHRAN, J. On September 24, 1920, W. P. Poore was injured while in the employ of petitioner Sapulpa Refining Company. On July 24, 1922, an order was made awarding compensation for 500 weeks at $18 per week, and, thereafter, on December 11,

1922, claimant filed with the State Industrial Commission his motion for a lump sum award, and on December 18. 1922, an order was made directing the petitioner to pay to claimant a lump sum amount. The petitioner complains of the order so made: (1) Because no notice was given to the petitioner of the hearing on this motion; and (2) that no hearing was had on the application and no findings of fact justifying the award were made by the commission.

In Livingston Oil Corp. v. Henson, 90 Okla. 76, 215 Pac. 1057, this court stated as follows in the syllabus:

"Neither chapter 246, Session Laws 1915 (Workmen's Compensation Law), nor the rules and regulations of the State Industrial Commission require notice of a hearing on a motion filed in a proceeding after the State Industrial Commission has acquired jurisdiction of such proceeding by proper notice and the appearance of the parties."

This case is also decisive of the question raised that it was incumbent upon the commission to make findings of fact under section 10, art. 2, ch. 246, Session Laws 1915, which is as follows:

" * * * The commission shall make or cause to be made such investigation as it deems necessary, and upon application of either party shall order a hearing, and within 30 days after a claim for compensation is submitted under this section, or such hearing closed, shall make or deny an award, determining such claim for compensation and file the same in the office of the commission, together with a statement of its conclusions of fact and rulings of law."

In Livingston Oil Corp. v. Henson, supra, the court said:

"Section 10, art. 2, of the act provides for filing claims with the commission, the filing of agreements between the injured employe and the employer, and for hearing of claims upon the application of either party. This section has reference only to hearing upon the claims for compensation, filed with the commission, and does not refer to hearings on motions subsequently filed."

Both of the questions raised in this case were presented in the above case and were decided adversely to the petitioner, and the decision announced in that case will be adhered to.

. The award of the commission is affirmed.

· McNEILL, V. C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.