## LIVINGSTON OIL CORPORATION et al. v. HENSON et al.

No. 14043—Opinion Filed May 15, 1923.

Rehearing Denied June 12, 1923.

(Syllabus.)

1. **Master and Servant — Workmen's Compensation Law—Notice of Hearings on Motions.**

Neither chapter 246, Session Laws 1915 (Workmen's Compensation Laws), nor the rules and regulations of the State Industrial Commission require notice of a hearing on a motion filed in a proceeding after the State Industrial Commission has acquired jurisdiction of such proceeding, by proper notice and the appearance of the parties.

2. **Same—Award of Compensation—Commutation of Payments to Lump Sum.**

By the provisions of section 15, art. 2. ch. 246, Session Laws 1915, the State Industrial Commission, whenever it shall deem it advisable, may commute the periodical payments of compensation to one or more lump sum payments, provided the same shall be in the interest of justice, and justice in this connection means the rendering to every man his due, so that neither party may gain by the other's loss.

3. **Same—Commutation Approved.**

Record examined, and held. that the order of the State Industrial Commission commuting the periodical payments of compensation to one lump sum payment was in the interest of justice.

4. **Constitutional Law—Due Process of Law —Collateral Matters After Jurisdiction Acquired.**

The constitutional provision that no person shall be deprived of life, liberty, or property without due process of law requires process or notice only where original jurisdiction is exercised, and not where the decision is upon a collateral question in the case where the parties are already before the court.

Original Proceeding to Vacate an Award of the State Industrial Commission.

Petition filed by the Livingston Oil Corporation and Consolidated Underwriters, against Robert Madison Henson and the State Industrial Commission, to vacate an order of the State Industrial Commission requiring compensation to be paid to Robert Madison Henson in one lump sum. Affirmed.

Lydick & Wilson and Con Murphy, Jr., for petitioners.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondents.

NICHOLSON, J. The respondent Robert Madison Henson was injured on February 26, 1920, while in the employ of the petitioner Livingston Oil Corporation, such injury resulting in the fracture of the left forearm and an injury to the right forearm necessitating the amputation of that arm.

Proper notices were filed with the State Industrial Commission by the Livingston Oil Corporation, as required by law and the rules of the commission, and on the 7th day of June, 1920, pursuant to proper notice given, a hearing was had before the commission, and Henson was awarded compensation at the rate of $15.58 per week for a period of 200 weeks. Thereafter, and on August 25, 1921, upon motion of Henson to review the award of June 7, 1920, the State Industrial Commission vacated such award and granted him compensation for a period of 500 weeks at the rate of $15.58 per week for a permanent disability. In a proceeding instituted in this court to review said award the same was affirmed (Livingston Oil Corporation et al. v. Robert Madison Henson et al., 87 Okla. 15, 208 Pac. 774).

On October 27, 1920, the respondent Henson filed with the commission his motion for a lump sum settlement; this motion was not acted upon until the 4th day of December, 1922, after the mandate had issued from this court, and on that day the commission made an order directing the petitioners herein to pay the claimant the sum of $3,505.75 in one lump sum, that being the present worth of the last 256 weeks' compensation due. It is to review this order that this proceeding is brought.

Various grounds for reversal are urged, but they all go to the propriety of the action of the commission in commuting the periodical payments to one lump sum payment without notice to the petitioners, and without a hearing on the motion to commute.

It is first insisted that by the provisions of section 10, art. 2, ch. 246, Session Laws 1915 (Workmen's Compensation Law), and of the rules of procedure of the State Industrial Commission, the petitioners herein were entitled to notice of hearing of the application for a lump sum award, and to an opportunity to be present and introduce evidence.

Section 10, art. 2, of the act provides for filing claims with the commission, the filing of agreements between the injured employe and the employer, and for hearing of claims upon the application of either party. This section has reference only to hearings upon the claims for compensation filed with the commission, and does not refer to hearing on motions subsequently filed.

Section 22 of the rules and regulations of the commission provides that upon the filing of a claim the same shall be set for hearing on a regular hearing day, and at least 10 days' notice of such hearing shall be given the parties, and section 23 of the rules and regulations provides that when an answer has been filed and the commission deems it necessary to hold a special hearing to hear testimony, the commission will order the case reset for hearing and give the parties at least 10 days' notice of the time and place of such hearing.

Obviously, the notice required by section 23, supra, refers to the hearing of the original claim when an answer has been filed, presenting an issue of fact upon which it is necessary to take testimony, in which event the case shall be reset for hearing, and of this hearing the notice required shall be given. The rule cannot be construed as requiring the notice contended for by the petitioners. In fact, our attention has not been directed to any statute or rule requiring notice of hearing before the commission is authorized to commute the periodical payments. By the provisions of section 15, art. 2, of the act, the commission, whenever it shall deem it advisable, may commute the periodical payments to one or more lump sum payments, provided the same shall be in the interest of justice.

The respondent Henson applied for a lump sum payment in order to enable him to acquire a home, and the commission in its order found that it would be to the best interest of the employe and in furtherance of justice that he receive in one lump sum the last 256 weeks' compensation at the rate of $15.58 per week, a total of $3,988.48, the present worth of which is $3,505.75, and ordered the petitioners to pay him the last mentioned sum.

The act provides that the payment of compensation in a lump sum shall be in the interest of justice, and justice in its common acceptance means the rendering to every man his due so that neither party may gain by the other's loss. So, in determining whether an award is in the interest of jus-

tice, the commission should give the interests of all the parties equal consideration, in order that neither will gain by the other's loss. This, it seems to us, the commission did.

The petitioners here were bound to pay the respondent Henson the sum of $3,988.48 in weekly installments of $15.58 each, and in order that he might purchase a home, and in justice to him, the commission found that he should be paid a lump sum. On the other hand, in justice to the respondents, the commission found that they should pay but the sum of $3,505.75, which was $482.73 less than would have been required to make the periodical payments. This, it seems to us, was just, under the circumstances. Indeed, petitioners do not complain that an injustice has been done them, otherwise than in commuting the payments without notice and a hearing, and it is not intimated that any reason exists why compensation should not be paid as ordered, or that the petitioners are in any manner injured by the action of the commission.

The contention that the petitioners were deprived of their rights as guaranteed by the Constitution of the United States and the Constitution of the state by the action of the commission in making the order of December 4, 1922, without notice and hearing, is untenable. The constitutional provision that no person shall be deprived of life, liberty, or property without due process of law requires notice only where original jurisdiction is exercised, and not where the decision is upon a collateral question in the case where the parties are already before the court. Walden v. Craig, 14 Pet. 147, 10 L. Ed. 393; United States v. Ritchie, 17 How. 525, 15 L. Ed. 236; Nations v. Johnson, 24 How. 203, 16 L. Ed. 628; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.

In this case the commission had acquired original jurisdiction of the parties. The liability of the petitioners had been established, and the award made. By the subsequent action of the commission, it merely commuted the periodical payments to one lump sum payment. It had the power to award the payment in one lump sum in the first instance, and, as the commission still retained jurisdiction of the parties, the order complained of was not in contravention of the due process clause of the Constitution.

No reversible error appearing in the record, the award is affirmed.

JOHNSON, C. J., and McNEILL, COCHRAN, and MASON, JJ., concur.