## SOUTHWESTERN LIGHT & POWER CO. v. GRIFFIN et al.

No. 19792.  Opinion Filed April 23, 1929.

Cheek & McRill, for petitioner.

Paul F. Showalter, for respondent.

Edwin Dabney, Atty. Gen., and Ralph G. Thompson, Asst. Atty. Gen., for Industrial Commission.

HUNT, J.  This is an original proceeding in this court to review an order of the State Industrial Commission, entered on the 8th day of September, 1928, wherein the said Industrial Commission commuted from weekly payments to one lump sum, the remaining amount due claimant, said order being in part as follows:

"Now, on this 8th day of September, 1928, the State Industrial Commission being regularly in session, this cause comes on for consideration on application of claimant for

a lump sum settlement; and the Commission, after examining said application and being otherwise well and sufficiently advised in the premises, finds: That the claimant, while in the employment of the respondent and in the course of his employment, was injured on the 14th day of September, 1927, which injury resulted in the permanent total disability of claimant, for which he is entitled to compensation for a period of 500 weeks at the rate of $18 per week; and it appearing that 72 weeks and 4⅔ days have been paid to claimant, and that it would be to the interest of the claimant and in the furtherance of justice to commute to a lump sum the remaining 427 weeks and 1⅓ days compensation, amounting to $7,690, the present worth of which, after deducting three per cent. compound discount, is $6,826.38, and it appearing that at this time the expectancy of life of the claimant extends beyond 427 weeks and 1⅓ days,

"It is ordered, that within ten days from this date the respondent herein, Southwestern Light & Power Company, pay to the claimant, William B. Griffin, in one lump sum $6,826.38, being the present worth of 427 weeks and 1⅓ days compensation due said claimant, and also pay all medical expenses incurred by said claimant as a result of said accident. * * *"

An award previously made by which claimant was allowed compensation at the rate of $18 per week for the full period of 500 weeks having become final, claimant filed, on September 5, 1928, a motion asking for a lump sum settlement as provided by section 7299, C. O. S. 1921, which is as follows:

"Compensation under the provisions of this act shall be payable periodically, in accordance with the method of payment of the wages of the employee at the time of his injury and shall be so provided for in any award; but the Commission may determine that all payment or payments may be made monthly or at any other period, as it may deem advisable. The Commission, whenever it shall so deem advisable, may commute such periodical payments to one or more lump sum payments, provided the same shall be in the interest of justice. All payments as required by the award shall be made to the injured employee in the manner and form prescribed by the Commission. And employers and insurance companies shall for such purposes be permitted, or when necessary to protect the interests of the beneficiary may be required, to make deposits with the Commission to secure the prompt and convenient payment of such compensation."

On September 8, 1928, the Commission made its order as above set out.

Petitioner contends that, since under section 7299, C. O. S. 1921, the Commission has authority to commute the periodical payments to one or more lump sum payments, only provided the same shall be in the interest of justice, that justice here means justice to both claimant and respondent, and that before this essential fact could be determined by the Commission it was necessary to conduct a hearing and hear evidence after notice to the parties, and having failed to give notice and conduct a hearing, the Commission was without jurisdiction or authority to make the order herein complained of, and that same is not sustained by sufficient evidence and is contrary to law.

The identical question here presented was decided adversely to petitioner in the case of Livingston Oil Corporation v. Henson, 90 Okla. 76, 215 Pac. 1057. It was held in the above-styled case that when proper notice was given as required on the hearing of the original claim, and award was made, jurisdiction was acquired by the Commission for all purposes, and that no notice is required on a motion to commute the periodical payments. The syllabus is as follows:

"Neither chapter 246. Session Laws 1915 (Workmen's Compensation Laws), nor the rules and regulations of the State Industrial Commission require notice of a hearing on a motion filed in a proceeding after the State Industrial Commission has acquired jurisdiction of such proceeding, by proper notice and the appearance of the parties.

"By the provisions of section 15, art. 2, ch. 246, Session Laws 1915, the State Industrial Commission, whenever it shall deem it advisable, may commute the periodical payments of compensation to one or more lump sum payments, provided the same shall be in the interest of justice, and justice in this connection means the rendering to every man his due, so that neither party may gain by the other's loss.

"Record examined, and held, that the order of the State Industrial Commission commuting the periodical payments of compensation to one lump sum payment was in the interest of justice.

"The constitutional provision that no person shall be deprived of life, liberty, or property without due process of law requires process or notice only where original jurisdiction is exercised, and not where the decision is upon a collateral question in the case where the parties are already before the court."

The case is cited and relied on by respondent herein, and we have carefully reviewed same and have examined the orig-

inal record and briefs on file in this court, and in our judgment every contention herein urged by petitioner was considered and passed on therein, and same is therefore decisive of the instant case. The facts were almost identical to the facts here, and the same contention as to necessity for notice and hearing made there as here.

The only case cited by petitioner herein is Lincoln Water & Light Co. v. Industrial Commission, an Illinois case reported in 332 Ill. 64, 163 N. E. 381. This case, however, is not in point here, for we find upon examination of the Illinois statute on this subject, being article 209, chapter 48, Illinois Revised Statutes 1927, that same differs materially from our statute in that it requires that a proper showing be made after notice to the interested parties before a lump sum settlement is ordered.

Petitioner insists that even under our statute some evidence is necessary upon which to base a finding that it is in the interest of justice that a lump sum settlement be ordered, and, while it might be said that the evidence adduced before the Commission when the original award was made might properly be considered by the Commission as sufficient evidence upon which to base an order for a lump sum settlement, we are nevertheless impressed with the reasonableness of petitioner's contention in this regard and rather inclined to the view that the better practice on the part of the Commission would be to conduct a hearing, after due notice, on motions of this kind, but, in view of the language used in section 7299, supra, and the former decisions of this court construing same, we cannot say that such a hearing and notice thereof is required under the statute. Where the Commission, upon consideration of a motion or petition filed for that purpose, deems it advisable to commute the periodical payments to a lump sum, same will not be disturbed by this court unless it clearly appears upon a consideration of the entire record that an injustice has been done, the only requirement of our statute as to lump sum payments being that same shall be in the interest of justice.

In Stephenson v. State Industrial Commission et al., 79 Okla. 228, 192 Pac. 581, this court said:

"Workmen's Compensation Act, section 15, art. 2, supra, confers express power upon the Commission to order the payment in one or more lump sums, instead of making an award of periodical payments. In every case the Commission, when applied to for a lump sum payment, must exercise its judgment and discretion as to the best method of making compensation, in the light of all facts, and the result will not be disturbed on appeal except for an abuse of the power."

See, also, Okmulgee Democrat Publishing Co. et al. v. State Industrial Commission, 86 Okla. 62, 206 Pac. 249.

Claimant's motion for a lump sum settlement was duly verified, and after referring to former hearings before the Commission, at which evidence was heard as to disability, extent thereof, etc., it contained the following allegations:

"That claimant is 26 years of age, a married man, the father of three minor children, and who, with his wife, is totally dependent upon him for support, education, etc.

"That the occupation of the claimant at the time of his injury was a lineman, but that for a long time prior thereto and for a large portion of the claimant's life, claimant had been engaged in the occupation of farming and is thoroughly experienced in the management of a farm. That claimant intends to use the money now due him, if same is awarded, in a lump sum, for the purchasing of a 40-acre farm, the same being the farm he has previously rented and which he knows that, with the assistance of a hired man and his wife and children, he can earn a living. That said farm is located in Beckham county, and is close to a school, and although claimant is not physically able to do any manual labor himself of any kind, he will be able, in this particular community, to secure competent and capable farm help for a reasonable amount of money. That said place is well improved, having thereon a house and other out-buildings, and will cost in the neighborhood of $4,000. That if said money is awarded in a lump sum and paid to claimant, claimant will use it for purposes hereinabove set out."

The petitioner was bound to pay the respondent, Griffin, the sum of $7,690 in weekly installments of $18 each, and the Commission found that it would be to his interest and in the furtherance of justice to commute same to a lump sum. It further found that in justice to respondent company the total amount should be discounted, and made its order accordingly for a lump sum settlement of $6,826.38, which was $863.62 less than it would have been required to pay in periodical payments.

We think this was right and proper, though not required under the rule announced by this court in Okmulgee Democrat Publishing Co. et al. v. State Industrial

Commission, supra. It seems, therefore, that the Commission in finding it was in the interest of justice to order a lump sum settlement herein had in mind the pronouncement of the court in Livingston Oil Corporation et al. v. Henson, supra, wherein it said:

"Justice in this connection means the rendering to every man his due, so that neither party may gain by the other's loss."

In this case the Commission had acquired original jurisdiction of the parties. The liability of the petitioner had been established, and the award made. By the subsequent action of the Commission, it merely commuted the periodical payments to one lump sum payment. It had the power to award the payment in one lump sum in the first instance, and, as the Commission still retained jurisdiction of the parties, it was wholly within the discretion of the Commission to make the order herein complained of upon claimant's verified motion and the record before it, either with or without notice. It does not appear that the Industrial Commission has abused its power or exceeded its jurisdiction herein, and the petition to review and vacate and set aside its order for a lump sum settlement must be, and same is hereby, denied.

HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

LESTER, V. C. J., not participating.