## FORRESTER v. MARLAND et al.

No. 19255. Opinion Filed March 25, 1930.

Benjamin E. Cook, for petitioner.

Keaton, Wells, Johnston & Barnes, Edwin Dabney, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for respondents.

CLARK, J. This is an original action filed in this court by petitioner, J. C. Forrester, to review the final award of the State Industrial Commission, made and entered on the 2nd day of March, 1928. The record discloses that an award was entered in this cause on the 6th day of October, 1927, wherein it was found that claimant was in the employ of E. W. Marland, respondent, and engaged in the hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law; that claimant, on April 29, 1927, sustained an accidental injury arising out of and in the course of his said employment which resulted in his being totally disabled from the date of said injury to May 15, 1927. The Commission further found the average wage of claimant was $4 per day, and awarded claimant the total sum of $23.08. Thereafter, within 30 days, petitioner filed with the Industrial Commission a motion to set aside said award. Thereafter, on the 26th day of October, 1927, the State Industrial Commission, upon motion of claimant, petitioner herein, made and entered an order vacating and setting aside said award. Thereafter, claimant filed with the Industrial Commission an application or motion to introduce further testimony in said cause, and to correct the transcript of the testimony which had been transcribed, in which claimant believed there were errors. Claimant's prayer was. "Wherefore, the claimant respectfully requests the court to review the testimony and render an award in favor of this claimant. J. C. Forrester, By Benj. E. Cook, Attorney for Claimant."

On the 4th day of February, 1928, the State Industrial Commission issued its order denying claimant application on motion to take further testimony. Thereafter, on the 16th day of February, 1928, the State Industrial Commission made its order denying the motion of claimant to correct the transcript of testimony taken at Ponca City on September 13, 1927. On the 2nd day of March, 1928, the State Industrial Commission entered its order and award, which order and award is substantially the same as the order and award entered on the 6th day of October, 1927.

Petitioner presents many assignments of error, and asks that the award be vacated and set aside for several reasons. The assignment of error which we will first consider is, Did the Industrial Commission commit error in refusing to permit the claimant to introduce further testimony in support of his application for compensation? And in that connection we will also consider the refusal of the Industrial Commission to permit the claimant to correct the transcript as prepared by the Industrial Commission. Section 7294, C. O. S. 1921, provides in part as follows:

"The Commission shall make, or cause to be made, such investigation as it deems necessary, and upon application of either party shall order a hearing, and within 30 days after a claim for compensation is submitted under this section, or such hearing closed, shall make or deny any award, determining such claim for compensation, and file the same in the office of the Commission together with the statement of its conclusion of fact and rulings of law. * * *"

This clearly entitled the claimant before the Industrial Commission to a hearing, and a hearing means a full and complete hearing; that claimant should be given every reasonable opportunity to present his claim and respondent should be given the same rights and privileges, We are of the opinion that the State Industrial Commission was in error in denying the claimant an opportunity to present further testimony prior to the last and final award in this cause. The application to correct transcript was sufficient to invoke the consideration of the Industrial Commission, and opportunity should be given claimant to present his contentions to the Industrial Commission, and then the Industrial Commission should have determined whether or not the transcript was correct. Section 7294 also provides that the decision of the Commission shall be

final as to all questions of fact. It being the duty of the Commission, under the Industrial Law in this state, to determine all facts, it is essential and necessary that the Commission have all facts before it which were offered by the claimant in support of his claim and all facts offered by respondent in opposition to the claim.

We, therefore, reverse said cause, with directions to the Industrial Commission to vacate and set aside said award, made on the 2nd day of March, 1928, and permit claimant, if he so desires, to offer further testimony in support of his claim, and also grant claimant a hearing on his application to correct the transcript heretofore made at previous hearings in this cause.

MASON, C. J., and HUNT, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., absent, not participating.