### ASPLUND CONSTRUCTION CO. et al. v. WILLIAMS.

No. 21849. Opinion Filed June 23, 1931.

James C. Cheek and Albert L. McRill, for petitioners.

J. Berry King, Atty. Gen., and A. G. Morrison & Sons, for respondent.

HEFNER, J. This is an original proceeding in this court by Asplund Construction Company and Central Surety & Insurance Company, its insurance carrier, to review an award of the State Industrial Commission awarding compensation to Wesley Williams. It appears that claimant was injured while engaged in highway construction and in the employment of Asplund Construction Company, by being struck above the kidney. Two doctors testified at the hearing that his injury is permanent, and that he will never be able to perform manual labor. The Industrial Commission found that by reason of the injury claimant was permanently totally disabled; that his average daily wage was $3.15, and awarded him compensation at the rate of $12.12 per week for not exceeding 500 weeks, computed the periodical payments to a lump sum, and awarded claimant compensation in the sum of $5,025.31.

The hearing was concluded on the 15th day of September, 1930, and the award entered on the 27th day of September. On October 7th, petitioner filed a motion before the Industrial Commission to vacate the award on the ground that it was prematurely entered and without giving them an opportunity to produce their evidence. It is alleged in their motion that, at the conclusion of the evidence, the Industrial Commission was requested to continue the hearing for the purpose of permitting petitioners to produce their evidence; that the award was thereafter entered without notice to them and without opportunity to be heard. Claimant filed a response to this motion in which he denied that a continuance was granted petitioners by the Commission. The motion was never acted upon by the Commission. Petitioners contend that the award cannot stand for the reason that they were denied an opportunity to be heard.

The difficulty with this contention is that the record fails to disclose that a continuance was granted, or that petitioners made an application therefor. It is conceded by petitioners that the transcript fails to disclose that such proceedings were had before the Industrial Commission. They contend, however, that this court should refer the case to a referee for the purpose of determining as to whether the facts alleged in the motion to vacate are true, and, if found to be true, reverse the award. If the transcript does not, in fact, speak the truth, or is incomplete, an application should have been made in this court to withdraw it for the purpose of correction under supervision of the Industrial Commission.

Petitioners rely on the case of Forrester v. Marland, 142 Okla. 193, 286 Pac. 302. This case is not applicable to the situation here presented. In that case the award was vacated on motion of claimant. He then filed a written request for permission to introduce additional evidence. This request was denied and a new award entered without further hearing. Thereafter, claimant filed his motion alleging errors in the transcript of the evidence, and requested that it be corrected to speak the truth. This motion was denied by the Commission. This court on petition to review held that the Industrial Commission erred in both rulings and reversed the award. If, in the instant case, the record had disclosed that petitioners' application for a continuance was granted, or that they had filed a motion before the Commission to correct the transcript, in order that it might show that the motion was granted and a hearing had been denied by the Commission, the cited case would be applicable, and this court might grant relief. But, under the record as here presented, the question discussed is not properly before us.

Petitioners further contend that the Commission was without authority to order a lump sum payment for the following reasons: That no notice of such application was served upon them; that no motion for this purpose was filed before the Commission; that no evidence was offered showing the life expectancy of claimant, and, for the further reason that the evidence is insuffi-

cient to support the finding that such award is in the interest of justice. The finding of the Commission in this respect is as follows:

"The Commission finds the claimant is suffering from a disability, which makes it necessary for him to seek a change of climate; that the claimant has a large family, and by ordering a lump sum settlement, claimant can establish himself and family upon a small farm, at some point out of the state, where the climatic conditions will be better for his general health, and that in this way he may provide for himself and family, and the Commission is of the opinion, on consideration of the foregoing facts, that it would be to the interest of the claimant and in furtherance of justice that a lump sum settlement be ordered in this case of the remaining $5,866.08, the present value of which, after deducting the 3 per cent. discount of $707.45, is $5,025.31."

On the question of notice, this court, in the case of Livingston Oil Corp. v. Henson, 90 Okla. 76, 215 Pac. 1057, said:

"It is first insisted that by the provisions of section 10, art. 2, ch. 246, Session Laws 1915 (Workmen's Compensation Law), and of the rules of procedure of the State Industrial Commission, the petitioners herein were entitled to notice of hearing of the application for a lump sum award, and to an opportunity to be present and introduce evidence. * * *

"The contention that the petitioners were deprived of their rights as guaranteed by the Constitution of the United States and the Constitution of the state by the action of the Commission in making the order of December 4, 1922, without notice and hearing, is untenable. The constitutional provision that no person shall be deprived of life, liberty, or property without due process of law requires notice only where original jurisdiction is exercised, and not where the decision is upon a collateral question in the case where the parties are already before the court. Walden v. Craig, 14 Pet. 147, 10 L. Ed. 393; United States v. Ritchie, 17 How. 525, 15 L. Ed. 236; Nations v. Johnson, 24 How. 203, 16 L. Ed. 628; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.

"In this case, the Commission had acquired original jurisdiction of the parties. The liability of the petitioners had been established, and the award made. By the subsequent action of the Commission, it merely commuted the periodical payments to one lump sum payment. It had the power to award the payment in one lump sum in the first instance, and, as the Commission still retained jurisdiction of the parties, the order complained of was not in contravention of the due process clause of the Constitution."

To the same effect is the case of South-western Light & Power Co. v. Griffin, 136 Okla. 138, 276 Pac. 774. It is there said:

"Under section 7299, C. O. S. 1921, the State Industrial Commission has jurisdiction to commute periodical payments to a lump sum settlement, either with or without notice, upon proper motion filed in a proceeding in which the Commission has acquired original jurisdiction of the parties."

On the question of insufficiency of the evidence to authorize the award, we think the case of Stephenson v. State Ind. Com., 79 Okla. 228, 192 Pac. 580, is decisive and against petitioners' contention. In that case it was contended, as here, that there was no evidence offered showing the life expectancy of claimant, and that the evidence was insufficient to show that a lump sum award was in the interest of justice. The court held against the contention, and in discussing these questions said:

"The record discloses that, at the prior hearing had in said cause by the Commission on August 8, 1919, the claimant testified that he was 64 years of age on the day he received the injuries complained of and that his disability on account of the injuries had been total ever since. Drs. Swank and B. T. Bitting testified on said former hearing that the claimant's injuries constituted total and permanent disability to perform labor. The record discloses that such testimony was before the Commission and considered by it at the time it made the order complained of. This, we think, sufficiently answers and refutes the respondent's and insurance carrier's objection to the Commission's order complained of—'that it considered only the present value of fixed future payments, when, under the law, it should have taken into consideration the age of the claimant, his situation in life, his physical condition, and the probability of his condition being so improved that disability might end before the weekly payments should become due, and also the claimant's reasonable life expectancy, together with the probability that the claimant might die before all of the said weekly payments and compensation should become due."

The record discloses that claimant at the time he was injured was 39 years of age; that his average daily wage was $3.15; that his injury was permanent. Two doctors testified that it was necessary that he receive continuous treatment; that he should be kept at home and remain quiet. The evidence further discloses that he had no suitable home. The award discloses that one of the reasons for commuting the payments to a lump sum was in order that claimant might be able to procure a home. We think the evidence sufficient to sustain the award. We do not think a formal written motion

was necessary in order to confer jurisdiction upon the Commission to enter the award. We find no such provision in the statute. Section 7299, C. O. S. 1921, in part, provides:

"The Commission, whenever it shall so deem advisable, may commute such periodical payments to one or more lump sum payments, provided the same shall be in the interest of justice."

Under this provision, in our opinion, the Industrial Commission had the authority, when deemed advisable and in the interest of justice, to enter the lump sum awarded without a formal written motion on the part of claimant.

. The petition to vacate the award is denied.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.