HAUSCHILDT et al. v. COLLINS et al.

No. 22035.   Opinion Filed Oct. 20, 1931.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., Irby & Carver, and Raymond A. Trapp, for respondents.

CULLISON, J. This is an original proceeding to review an order and award of the State Industrial Commission. Carl V. Collins, claimant, sought to recover under the Workmen's Compensation Act for an accidental personal injury alleged to have been sustained by him while in the employ of Geo. Hauschildt, at the City Bakery in Ponca City, Okla., due to overheat and heart strain from long hours of heavy lifting, July 2, 1930. Petitioners filed a denial, denying that the claimant had sustained an accidental personal injury. The cause was regularly set for hearing on the 21st day of November, 1930, at Ponca City, at which hearing the claimant introduced a part of his evidence. During said hearing, and before claimant rested his case, the following consecutive stipulations were had (R.-42):

"By Mr. McCabe (attorney for respondent): It is stipulated hereby on a date to be agreed on by the attorney for the claimant and the attorney for the respondent and insurance carrier that sometime within a very short time, the date to be agreed (upon) to take the depositions of different witnesses in the city of Ponca City, including the following medical experts: Doctor Vance, Doctor Neiman, and Northcutt and Doctor McClurken, or any others."

"By Judge Doyle: And it is further stipulated and agreed that upon receipt of the record of the testimony of the depositions and the report of the medical witnesses and the testimony of other witnesses that the cause shall be submitted for termination upon the proof offered in this case."

"By Mr. Carver (attorney for claimant): It is agreed that it will be submitted."

Under the stipulations the cause was continued by agreement so that the depositions of certain expert witnesses at Ponca City could be taken. It was stipulated that as soon as a day was agreed upon to take the depositions and the depositions were taken and filed the cause would then be submitted to the Commission for final hearing. This stipulation was approved by the Commission and the cause continued, without either side resting his case, and without the employer and insurance carrier putting on any evidence.

Fifteen days later, without further proceedings, the Commission entered an order December 6, 1930, awarding claimant compensation for temporary total disability due to an accidental personal injury and ordering said employer and its insurance carrier to pay compensation from the date of the injury less the five-day waiting period to December 6, 1931, at the rate of $13.46 per week, and to continue the payment of compensation at such rate until further order of the Commission.

From this order petitioners appeal.

Petitioners' first assignment of error:

"The order of December 6, 1930, was prematurely made, without the petitioners having an opportunity to be heard, and thereby deprives these petitioners of their property without due process of law."

Section 7294, C. O. S. 1921, substantially provides that the Commission has no authority to close a case and enter order denying compensation or awarding compensation until a full hearing has been had with an opportunity to both claimant and employer to present their testimony. Said section, supra, reads in part as follows:

"The Commission shall have full power and authority to determine all questions in relation to the payment of claims for compensation under the provisions of this act.

The Commission shall make, or cause to be made, such investigation as it deems necessary, and upon application of either party shall order a hearing, and within 30 days after a claim for compensation is submitted under this section, or such hearing closed, shall make or deny an award, determining such claim for compensation and file the same in the office of the Commission together with the statement of its conclusions of fact and rulings of law."

Section 7294, C. O. S. 1921. has been construed by this court in the case of Forrester v. Marland, 142 Okla. 193, 286 Pac. 302, wherein this court said:

"This clearly entitled the claimant before the Industrial Commission to a hearing, and a hearing means a full and complete hearing; that claimant should be given every reasonable opportunity to present his claim and respondent should be given the same rights and privileges. We are of the opinion that the State Industrial Commission was in error in denying the claimant an opportunity to present further testimony prior to the last and final award in th's cause. * * *

"Section 7294 also provides that the decision of the Commission shall be final as to all questions of fact. It being the duty of the Commission, under the Industrial Law in this state, to determine all facts, it is essential and necessary that the Commission have all facts before it which were offered by the claimant in support of his claim and all facts offered by respondent in opposition to the claim."

In the case of Merrick, Inc., v. Cross, 144 Okla. 40, 289 P. 267, this court said that because the respondent was deprived of an opportunity to cross-examine a physician whose report was introduced in evidence, that there was not a full and complete hearing, as contemplated by statute, and in reversing the case for that reason said:

"In the case of Forrester v. Marland et al., 142 Okla. 193, 286 Pac. 302, this court held that the hearing meant a full and complete hearing; that claimant should be given every reasonable opportunity to present his claim, and respondent should be given the same rights and privileges. In the case at bar petitioner did not have the privilege of cross-examining the physicians, and without this privilege the hearing before the Commission could not be a 'full and complete hearing'."

In the case at bar petitioners were deprived of more than the right to cross-examine witnesses. They were deprived of their right to a hearing; they were deprived of an opportunity to present their side of the case to the Commission. Under the above authorities we are forced to hold that

petitioners were, and are, entitled as a matter of right to an opportunity to present their evidence.

To allow the Commission to thus close a case without giving the employer and insurance carrier the right to present their evidence and to thus award compensation against them is to deprive the employer and insurance carrier of their property without due process of law.

Section 7, art. 2, of the Constitution of the state of Oklahoma provides that no person shall be deprived of life, liberty or property without due process of law.

"Due process of law" is discussed and defined in the case of Oklahoma Gas & Electric Co. v. Wilson & Co., 146 Okla. 272, 288 P. 316, where this court held (syll. 6):

"By 'due process of law' is meant an orderly proceeding adapted to the nature of the case, before a tribunal having jurisdiction, which proceeds upon notice, with an opportunity to be heard, with full power to grant relief."

At page 324 of the opinion the court said:

"By 'due process of law' is meant an orderly proceeding, adapted to the nature of the case, before tribunal having jurisdiction, which proceeds upon notice, with an opportunity to be heard, with full power to grant relief. Wilhite v. Cruce, 70 Okla. 70, 172 P. 962; Pryor v. Western Paving Co., 74 Okla. 308, 184 P. 88; Caldwell v. Texas, 137 U. S. 692, 11 S. Ct. 224, 34 L. Ed. 816; Kennard v. Louisiana, 92 U. S. 480, 23 L. Ed. 478; 6 R. C. L. 434.

"One of the most often quoted definitions of due process of law, is that of Daniel Webster in his argument in the famous Dartmouth College Case, 4 Wheat. 518, 581, 4 L. Ed. 629, in which he declared that by 'due process of law' is meant 'a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial.'

"The essential elements of due process of law are: (1) Notice. (2) Opportunity to be heard. (3) An opportunity to defend. (4) An orderly proceeding adapted to the nature of the case."

Under the above authority the action of the Commission in not setting a day certain for final hearing and determination of the matter and in entering an order awarding compensation to the claimant without giving petitioners an opportunity to be heard, or to submit their evidence in support of their claim, clearly deprives the petitioners of their property without due process of law, and was therefore erroneous.

For the above reasons, the order of December 6, 1930, should be vacated and set

aside, and the cause reversed and remanded, with directions to grant the petitioners an opportunity to present their evidence in opposition to claimant's claim.

The petition to review said award is granted, the award reversed, and the cause remanded for further proceedings in conformity herewith.

LESTER, C. J., and RILEY, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. HEFNER and ANDREWS, JJ., absent. CLARK, V. C. J., dissents.