### MUSKOGEE IRON WORKS v. BASON et al.

No. 26583. Jan. 21, 1936.

Rehearing Denied March 10, 1936.

C. A. Ambrister, for petitioner.

Mac Q. Williamson, Atty. Gen., and Houston W. Reeves, Asst. Atty. Gen., for respondents.

PHELPS, J. On October 12, 1929, W. F. Strain, while in the employ of the Muskogee Iron Works, received an accidental personal injury arising out of and in the course of his employment, resulting in the loss of his right eye, for which he received compensation of $18 per week for 106½ weeks, together with hospital and medical bills.

On March 11, 1935, claimant filed his application with the Industrial Commission praying for additional compensation. The application was regularly set for hearing and it was agreed between the parties that the claimant should be examined by Dr. C. M. Fullenwider, upon whose report the parties reached an agreement by the terms of which claimant was to receive $300 in addition to the amount formerly paid. Upon the joint petition of the employer and employee, the Industrial Commission, after a hearing was had at which claimant was the sole witness, approved the settlement and made the award of $300, plus $60 attorney's fee for claimant's attorney, which amount was immediately paid to claimant. The final order made by the Industrial Commission upon the joint petition of the parties bears date of July 20, 1935.

On August 19, 1935, the Industrial Commission received a letter from the claimant reading as follows:

"Tahlequah, Okla.
"August 16th, 1935.
"Mr. Mat McElroy,
"Commissioner,
"Oklahoma City, Okla.
"Dear Sir:
"In reference to case A-40697 W. F. Strain against Muskogee Iron Works, will you please cause the final decision in this case to be vacated due to misstatement of facts.
"Thanking you very sincerely. I am
"Yours truly,
"W. F. Strain,
"Loop Route Box 25
"Tahlequah, Okla.

"(Vacate Order,
"McElroy, per Bason)
"Received Aug. 19, 1935
"State Industrial Commission."

Immediately upon receipt of this letter from the claimant, and without notice to the employer or insurance carrier, the Industrial Commission entered its order vacating and setting aside its order based on the settlement of July 20, 1935, and placed claimant's application for additional compensation upon its docket for hearing. The employer then filed its original petition in this court, praying for a writ of prohibition against the State Industrial Commission prohibiting the commission from proceeding further. It is the contention of the employer that when the Industrial Commission entered its order upon the joint petition of claimant and his employer approving the settlement and making the award provided for in the settlement, and the money was paid according to the terms and conditions of the settlement and award, the State Industrial Commission lost jurisdiction and was without authority to further proceed in the matter or to make additional award. On the other hand, respondents contend that the commission has jurisdiction to vacate its order approving a settlement on joint petition at any time within 30 days after the entry thereof, and that therefore the commission had jurisdiction to vacate the order of July 20, 1935, on August 19, 1935, the 30th day. It has several times been held by this court that the commission does have jurisdiction to modify or vacate its former orders within the 30-day period, but that question has never been decided with reference to the entry of a final award on a joint petition, under the provisions of section 13391, O. S. 1931, which section includes a provision that such an award "shall be final as to the rights of all parties to said petition, and that thereafter the commission shall not have jurisdiction over any claim for the same injury or any results arising from same."

We prefer refraining from deciding that point until the same is necessary in a proper case, wherein the issues of law are more thoroughly submitted for our consideration than they are in the present briefs. Consideration of that question is not necessary to determination of the instant case.

It is apparent that, although the employer denied liability throughout, said employer nevertheless did part with $360 in faith and reliance upon the commission's order of July

20, 1935, which order was entered on the basis of the formal settlement of the parties, after being carefully inquired into by the commission, including the taking of testimony from the claimant himself. Without any restitution being made of the consideration parted with by the employer, the commission vacated and rendered for naught the entire transaction, without service of any notice whatsoever upon the employer. Had the employer bought an automobile for $360, and some court, board, or tribunal had presumed to take it away from him without notice, either with or without restitution of consideration, it would undoubtedly be a denial of due process of law. We fail to observe any distinction between such a transaction and the one evidenced by the record before us.

Entry of a judgment or award without notice may be a denial of due process of law even where there is jurisdiction over the person and over the subject-matter. American Surety Co. v. Baldwin, 287 U. S. 156, 77 L. Ed. 231, 53 S. Ct. 98, 86 A. L. R. 298. By due process of law is meant an orderly proceeding adapted to the nature of the case, before a tribunal having jurisdiction, which proceeds upon notice, with an opportunity to be heard, with full power to grant relief. In Derr et al. v. Weaver et al., 173 Okla. 140, 47 P. (2d) 573, this identical question (of necessity for notice) was considered, and there it was held that, although the commission had jurisdiction over the persons and subject-matter, yet when it commuted periodical compensation payments to one lump sum award, without notice to the employer, it was a denial of due process of law. That decision was rendered by a unanimous court, and therein prior contrary decisions on this point were expressly overruled, particularly Asplund Const. Co. v. Williams, 150 Okla. 10, 300 P. 755 Manahan Drilling Co. v. Bazzel, 153 Okla. 23, 4 P. (2d) 745, and Livingston Oil Corp. v. Henson, 90 Okla. 76, 215 P. 1057.

Of course, if mere commutation of payments to one lump sum award without prior notice is a denial of due process of law, then there is all the more reason why the failure to give notice in the instant case is a denial of due process. We deem it unnecessary to again discuss the question so thoroughly as was done in Derr v. Weaver, supra, and therefore for brevity's sake, reference is made to said decision; for the reasons therein set forth we hold that in the instant case there was a denial of due process of law. Further, see 6 R. C. L. 435, 436,

446, 448; Hauschildt v. Collins, 152 Okla. 193, 4 P. (2d) 99.

The writ is granted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, WELCH, CORN, and GIBSON, JJ., concur.