**A. K. SPALDING CONST. CO. et al.**

**v.**

**WALDEN et al.**

**No. 36024.**

Supreme Court of Oklahoma.

March 16, 1954.

Covington & Donovan, Tulsa, for petitioners.

Lewis M. Watson, Ada, Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, Justice.

J. S. Walden, hereinafter called claimant, filed his claim against A. K. Spalding Construction Company, hereinafter referred to as petitioner, seeking an award for an injury sustained during his employment with said petitioner. An award was entered by the State Industrial Commission for 17 per cent permanent partial disability to the body as a whole. This proceeding is brought to review the award and claimant filed a cross-petition.

Claimant stated that on the 17th day of March, 1951, he was working on a 40 foot scaffold catching brick hoisted on a bucket to deliver to other workmen when the bucket dragged him from the scaffold and he fell 14 feet sustaining an injury to his back.

The trial commissioner twice ordered an operation and corrective surgery. After the first order was vacated by the State Industrial Commission on appeal the trial commissioner conducted a further hearing. The second order was entered April 9, 1953. It ordered an operation by a specified physician and payment of $25 per week during the convalescence subsequent to the operation not to exceed 300 weeks.

In the order by the Commission en banc granting an award this latter order was vacated. The award in part is as follows:

"That the order made and entered herein on April 9, 1953, should be modified, as follows, to-wit:

"That the claimant's temporary total disability terminated as of May 25, 1951, and that as a result of said injury, the claimant has sustained permanent partial disability of 17 per cent to the body as a whole, for which he is entitled to compensation for 85 weeks, or $2,125.00, to be paid in a lump sum."

Neither claimant nor petitioner is satisfied with the award. It is the contention of petitioner that this proceeding is irregular and that the question of permanent disability was not before the State Industrial Commission. It is the contention of claimant that the award is insufficient and that it should be for at least 50 per cent permanent partial disability.

The only serious proposition presented is whether the State Industrial Commission had a right to vacate the order for an operation and corrective surgery and without further hearing enter an award for permanent partial disability.

One physician testified for petitioner and two others filed reports. The physician who testified for petitioner was the physician who treated claimant after his accidental injury. These physicians all stated that claimant needed no surgery. Two physicians testified for claimant. One stated that by reason of his accidental injury he was 50 per cent disabled and needed corrective surgery. The other stated that he was 100 per cent disabled due to a herniated disc and needed surgery.

We are of the opinion that this case comes within those cases which hold that the proceeding should be conducted so that each party is granted a full and complete hearing on the question presented before the award is made. This is not a case where the medical evidence is fragmentary or indefinite or uncertain. The medical witnesses for each party fully developed the testimony before the State Industrial Commission in relation to the question presented. The claimant was seeking to obtain an operation. Petitioner was seeking to show that no operation was needed. The award was made before either party had a full opportunity to present evidence on the question of permanent disability.

We have held that it is the duty of the State Industrial Commission before making an award to grant a full and complete hearing to the parties interested on the questions presented. Forrester v. Marland, 142 Okl. 193, 286 P. 302; Hauschildt v. Collins, 152 Okl. 193, 4 P.2d 99; Derr v. Weaver, 173 Okl. 140, 47 P.2d 573; Muskogee Iron Works v. Bason, 176 Okl. 298, 55 P.2d 68; Conrad v. State Industrial Commission, 181 Okl. 324, 73 P.2d 858; Pioneer Mills Co. v. Webster, 186 Okl. 616, 99 P.2d 507; Amerada Petroleum Corporation v. Hester, 188 Okl. 394, 109 P.2d 820.

Under these circumstances the cause should be remanded to the State Industrial Commission for further proceedings to determine the extent of permanent disability.

The award of the State Industrial Commission is vacated and the cause remanded to the State Industrial Commission for further proceedings in accordance with the views herein expressed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.