Death of David H. Barfield, Deceased. Geraldine BARFIELD, Petitioner,

v.

Bill MORRIS, d/b/a Bill Morris Tank Company, Coal Operators Casualty Company and State Industrial Commission, Respondents.

No. 37586.

Supreme Court of Oklahoma.

May 7, 1957.

E. J. Sutherland, Seminole, for petitioner.

Spencer W. Lynn, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

Geraldine Barfield, claimant, widow of David H. Barfield, filed her claim for compensation under the Death Benefit provisions of the Workmen's Compensation Law, 85 O.S.1951, § 1 et seq., stating that David H. Barfield, hereinafter called decedent, died January 25, 1956, as a result of an accidental injury received in the course of his employement with Bill Morris, doing business as Bill Morris Tank Company. The State Industrial Commission denied an award and this proceeding is brought by claimant against the employer and its insurance carrier, Coal Operators Casualty Company, hereinafter called respondents, to review the order denying the award.

The record discloses that decedent was employed as a truck driver for the employer. He had been subject to pain in his right side prior to January 20, 1956. On January 20, 1956, he sustained a fall from his truck. He thereafter developed acute appendicitis and on the 23rd day of January, 1956, went to the hospital. He died January 25, 1956, following an operation for acute appendicitis on January 24, 1956.

Dr. M. testified that he first saw decedent on January 22, 1956; he operated on him January 24, 1956, after which he died on January 25, 1956; that the operation was for acute appendicitis; that Dr. M. received a history of decedent having sustained a fall on January 20, 1956, after complaining of a condition in his right side on January 19, 1956. In a report filed he stated:

"A history was given that he fell from a truck tank—while coming from

Norman something worked loose and he got out to tighten it up and he fell off.

"Assuming that this history is correct, I believe that such an injury could have caused an aggravation of a pre-existing appendicitis."

This testimony and the report was never changed substantially.

The State Industrial Commission denied an award, the substance of which order is as follows:

Now on this 15th day of May, 1956, this cause comes on for consideration, pursuant to regular assignment and hearing at Seminole, Oklahoma, on April 23, 1956, before Chairman Marx Childers, at which time claimant appeared in person and by her attorney, E. J. Sutherland, and the respondent and insurance carrier appeared by their attorney, Spencer W. Lynn. The Trial Judge, having considered the evidence, records, and being fully advised in the premises, finds:

That the demurrer to the evidence of the claimant by respondent should be and the same is hereby sustained.

That deceased did not die as a result of an accidental personal injury, arising out of and in the course of his hazardous occupation on the date alleged in claimant's claim for compensation and that claimant's claim for compensation by reason of the death of deceased is denied.

It Is Therefore Ordered that claimant's claim for compensation is denied.

On May 11, 1956, claimant filed a motion and request to hold order and ruling in abeyance therein, stating:

"Comes now the Claimant above named Geraldine Barfield, and would respectfully ask and request the trial Judge to hold in obeyance his order and ruling in the above styled and numbered cause, and set said matter for further hearing thereon, and as grounds of said motion and application, states:

"That since the hearing in said matter at Seminole, Oklahoma, on the 23rd, day of April, 1956, she has discovered new and vital testimony bearing upon the cause of death of the said David H. Barfield and would ask that said cause be re-set for hearing in Oklahoma City, in order that she might have an *operturnity* to produce such further and new testimony as she now feels is important to the issues involved in said cause."

On May 23, 1956, claimant filed a motion to reopen, which in part is as follows:

"That the cause was heard before the Chairman Marx Childers on April 23, 1956, and after the close of said hearing the matter was taken under consideration by said Commissioner. Thereafter and on May 9, 1956, and before any order was made and entered by said Commissioner, Claimant's attorney advised Chairman Marx Childers by letter that he desired said Commissioner to reopen his case for further competent, material, and *revelen*t evidence which he had obtained in order to further substantiate Claimant's claim for compensation benefits in this cause. Said attorney likewise at said time prepared and enclosed with said letter of May 9, 1956, a Motion and Request for said Commissioner to hold his ruling in abeyance and to re-set it for further hearing in Oklahoma City, Oklahoma, in order that he might have an opportunity to present further any new evidence, that he felt was germane to Claimant's cause. Notwithstanding said letter and said motion enclosed to said Commissioner and before Claimant's request was acted upon and before said order was made said Chairman Marx Childers made and entered said order sustaining Respondent's demurrer to the evidence some twenty days after Claimant's attorney so respectfully requested said Trial Judge to reopen said cause and give him an opportunity to present further evidence."

Claimant then alleges due diligence, states that the motion and request to hold in abeyance was never acted on before the order of May 15, 1956, and prays the order be vacated with an opportunity afforded claimant to submit her evidence.

Notice of appeal and application for oral argument was filed May 23, 1956, the same date the motion to vacate was filed. An affidavit of Dr. M., dated October 8, 1956, is as follows:

"Dr. D. D. Mosher, of lawful age, being first duly sworn, deposes and states as follows:

"That I am a regularly licensed and practicing physician under the laws of the State of Oklahoma. That I practice my profession in Seminole County, State of Oklahoma, and that my office is located in the First State Bank Building here in Seminole, Oklahoma. Affiant further states that he has been actively engaged in the practice of his profession for more than twenty-five years.

"Affiant further states that he had as a patient David H. Barfield, who was first seen by this affiant on or about January 23rd, 1956. Affiant further states that David H. Barfield was operated by and under the supervision of this affiant on January 24th at which time the patient was found to have an acute perforative appendicitis. Affiant further states that David H. Barfield died on January 25th, 1956.

"Affiant further states that he received a history that the deceased David H. Barfield fell from a truck on or about January 19th, 1956, while on his way from Norman, Oklahoma, to Seminole, Oklahoma, where he had been at work during the day.

"It is the opinion of this affiant that assuming this history to be true that the fall contributed to the death of this deceased.

"It is this affiant's further opinion that the pre-existing appendicitis was aggravated by the fall which was di-

rectly or indirectly the cause of Mr. Barfield's death.

"Affiant further sayeth not."

It does not appear when the affidavit was filed. The order on appeal is as follows:

"On Oct. 9, 1956, this cause came on for hearing on appeal by the undersigned Judges, sitting en banc, from the order of the Trial Judge heretofore entered on May 15, 1956.

"After reviewing the record in this case, and being fully advised in the premises, said Judges find that said order should be affirmed.

"It Is Therefore Ordered that the order of the Trial Judge heretofore entered in this case on May 15, 1956, be and the same hereby is affirmed, adopted, and made the judgment and order of this Commission."

The record does not show that the trial commissioner ever considered a motion to reopen the proceeding. Neither does the record show any action by the State Industrial Commission on the motion to vacate the order of the trial commissioner and remand for further testimony.

In a single issue, claimant argues that the State Industrial Commission erred in not opening the case and affording an opportunity to offer further testimony.

■ The theory of the claimant was that prior to January 20, 1956, decedent had appendicitis and on the 20th thereafter sustained an accidental injury which aggravated the condition necessitating an operation; that decedent never recovered from the operation. Under the rule announced by this court many times, this could only be established by medical experts. City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094. Claimant thought she had furnished this evidence and when she discovered she had not, within a reasonable time, she sought relief which could have been granted. Although the State Industrial Commission is not required to proceed in strict compliance with rules of court, it is bound to obey substantially the duty

placed on it by statute to grant each party a full opportunity to be heard on the questions presented to that body. In A. K. Spalding Construction Co. v. Walden, Okl., 268 P.2d 247, 248, it is stated:

"We have held that it is the duty of the State Industrial Commission before making an award to grant a full and complete hearing to the parties interested on the questions presented. Forrester v. Marland, 142 Okl. 193, 286 P. 302; Hauschildt v. Collins, 152 Okl. 193, 4 P.2d 99; Derr v. Weaver, 173 Okl. 140, 47 P.2d 573; Muskogee Iron Works v. Bason, 176 Okl. 298, 55 P.2d 68; Conrad v. State Industrial Commission, 181 Okl. 324, 73 P.2d 858; Pioneer Mills Co. v. Webster, 186 Okl. 616, 99 P.2d 507; Amerada Petroleum Corporation v. Hester, 188 Okl. 394, 109 P.2d 820."

■ In Long Bell Lumber Co. v. Patterson, 153 Okl. 104, 5 P.2d 130, it is suggested that the State Industrial Commission overlooked the state of the record. The cause was remanded for further hearing. Such may be the situation in the present case. We are of the opinion claimant was not granted a full opportunity to develop her case. We think the record reasonably shows that before any award was entered by the trial commissioner the attorney for the claimant had addressed a letter to the trial commissioner informing him that claimant desired to introduce more evidence; that the award was made after receipt of this letter; that before the appeal was taken to the Commission en banc a further request to be allowed to introduce more evidence was made in the form of a motion to vacate the award; that the Commission en banc had before it this motion to vacate the award and affirmed the award without mention of the application. Under the above and foregoing authorities there is no statutory form to be followed in order to advise the State Industrial Commission that a party desires to introduce further evidence. We think the State Industrial Commission abused its discretion in refusing to re-open the case

and grant the claimant the right to introduce further evidence.

The order of the State Industrial Commission is vacated and the cause is remanded with directions to vacate the order of the trial commissioner and to remand the cause for further proceedings not inconsistent with the views herein expressed.

CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS and JACKSON, JJ., concur.