**Dorothy KIESPERT, dba Kiespert Auto Salvage (No Insurance), Petitioner,**

v.

**James T. JENKINS and the State Industrial Commission of Oklahoma, Respondents.**

No. 37894.

Supreme Court of Oklahoma.

April 8, 1958.

Jerome H. Blumenthal, Oklahoma City, for petitioner.

Ben Hatcher, Rupert E. Wilson, Jr., Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

On May 6, 1957, James T. Jenkins, respondent herein, filed a claim for compen-

sation against Dorothy Kiespert, doing business as Kiespert Auto Salvage in which he stated that on January 18, 1957, while in the employ of petitioner and engaged in the course of his employment he sustained an accidental injury consisting of an injury to his right leg resulting in temporary loss of use of the leg; that the injury occurred when an automobile gas tank of an automobile on which he was then working exploded and burned his leg. Thereafter the parties entered into a joint petition settlement whereby they agreed to settle the claim for the sum of $680, including payments theretofore made and all medical bills.

The case came on to be heard before a trial judge on May 6, 1957, and after hearing the evidence, approved the joint petition settlement and entered an order in favor of respondent for compensation in the sum of $680, in addition to all sums theretofore paid, and in addition the authorized reasonable and necessary medical expenses incurred by respondent.

On May 6, 1957, James T. Jenkins, respondent herein, filed with the State Industrial Commission the following receipt and acknowledgment of payment:

"Receipt is hereby acknowledged of Six Hundred Eighty and 00/100 * * * *($680.00), making in all, with payment heretofore received by me, a total sum of Six Hundred Eighty and 00/100 ($680.00), on account of injury sustained by me on January 18, 1957, as provided by the award heretofore made by the State Industrial Commission.

"Witness my hand this 6th day of May, 1957."

On May 15, 1957, without notice to petitioner and without giving her an opportunity to be heard, the trial judge on oral motion of respondent vacated and set aside the award made on joint petition settlement and ordered that the case be set on the trial docket for further hearing. This award was made on the following finding:

"* * * it now appearing that said claimant misunderstood the award herein made, he then being under the impression that he was to receive in addition to the medical bills the sum of $680.00 for settlement, and the Trial Judge being now informed by said claimant that respondent has refused to make payment of said amount so awarded unless the amount of $400.00 is deducted therefrom in payment of medical bills heretofore incurred by respondent for claimant all of which it was not the intent to be the effect of said joint petition; * * *."

The order was sustained on appeal to the Commission en banc.

■ Petitioner brings the case here to review this order and contends that the order of the trial judge setting aside his former award, awarding compensation on joint petition settlement was made without notice to her and without affording her an opportunity to be heard, denied her due process of law, and the order is therefore void. We think there is merit in this contention. In Muskogee Iron Works v. Bason, 176 Okl. 298, 55 P.2d 68, this court held:

"By due process of law is meant an orderly proceeding adapted to the nature of the case, before a tribunal having jurisdiction, which proceeds upon notice, with an opportunity to be heard, with full power to grant relief."

■ In that case it appears that the employee filed a claim for compensation before the State Industrial Commission for injury to his eye. The case was thereafter settled on joint petition settlement for $300, plus attorney fees. An order was entered approving the joint petition settlement and compensation awarded accordingly. Thereafter, claimant addressed a letter to the Commission stating that the joint petition settlement was entered into under mistake of facts and requested the Commission to vacate the order. Upon receipt of this letter and without notice

to the employer or insurance carrier the Commission vacated the order and set the case on the trial docket for further hearing. The employer then applied to this Court for a writ of prohibition asking that the Commission be prohibited from further proceeding in the case. The court granted the writ and in so doing said:

"Entry of a judgment or award without notice may be a denial of due process of law even where there is jurisdiction over the person and over the subject-matter. American Surety Co. v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231, 86 A.L.R. 298. By due process of law is meant an orderly proceeding adapted to the nature of the case, before a tribunal having jurisdiction, which proceeds upon notice, with an opportunity to be heard, with full power to grant relief. In Derr v. Weaver, 173 Okl. 140, 47 P.2d 573, this identical question (of necessity for notice) was considered, and there it was held that although the commission had jurisdiction over the persons and subject-matter, yet when it commuted periodical compensation payments to one lump sum award, without notice to the employer, it was a denial of due process of law. That decision was rendered by a unanimous court, and therein prior contrary decisions on this point were expressly overruled, particularly Asplund Const. Co. v. Williams, 150 Okl. 10, 300 P. 755; Manahan Drilling Co. v. Bazzel, 153 Okl. 23, 4 P.2d 745, and Livingston Oil Corp. v. Henson, 90 Okl. 76, 215 P. 1057."

Petitioner further contends that the order of the Commission appealed from is not a final order but is an interlocutory order, and in support thereof cites Dixon Brothers Lumber & Supply v. Watson, Okl., 281 P.2d 182. In that case we said:

"An order of the State Industrial Commission vacating an order of the trial commissioner denying an award and remanding the same for further hearing is not a final order and this court is without jurisdiction to review such order."

This case is not applicable here. In that case the appeal was taken from the order of the Commission denying compensation, and the case was remanded to the trial judge for further hearing. In the present case the appeal is taken from an order vacating the order of the trial judge setting aside his prior order made on joint petition settlement on the ground that it was vacated without notice and without giving petitioner opportunity to be heard and is therefore void, and the trial judge was without jurisdiction to enter the order. The Commission en banc in sustaining that order upheld the validity of the order. That order is a final and an appealable order, and this Court has jurisdiction to entertain this appeal.

Order vacated for further proceedings on the motion to vacate in accordance with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS, JACKSON and CARLILE, JJ., concur.