HERB BANISTER PLUMBING COMPANY, Petitioner,

v.

Bobby Ray DREADIN and the State Industrial Court of the State of Oklahoma, Respondents.

No. 40780.

Supreme Court of Oklahoma.

Sept. 29, 1964.

Harry R. Palmer, Jr., Oklahoma City, for petitioner Herb Banister Plumbing Co.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for cross-petitioners S & R Const. Co. and Fireman's Fund Ins. Co.

Hatcher & Powell, and Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

WILLIAMS, Justice.

On July 1, 1963, Bobby Ray Dreadin, claimant, filed a claim for compensation before the State Industrial Court against Herb Banister Plumbing Company alleging that on the 18th day of June, 1963, while engaged in the employ of Banister and in the course of his employment he sustained an accidental personal injury to his back, right hip and right leg. On July 19, 1963, he filed an amended claim naming as additional employers S & R Construction Company "and/or" Sulphur County Inn of America, Inc. On August 21, 1963, evidence was taken in the case. Herb Banister Plumbing Company did not appear. Cross-petitioners S & R Construction Company and Fireman's Fund Insurance Company appeared by their attorney. The only evidence in the case is the testimony of claimant and written medical reports submitted on behalf of claimant.

On August 29, 1963, the trial judge entered an award for claimant, the pertinent parts of which for purposes of this review are as follows:

"That claimant sustained an accidental personal injury arising out of and in the course of his hazardous employment with the respondent, Herb Banister Plumbing Company, on June 18, 1963, consisting of an injury to his back, right hip and right leg.

"That the Herb Banister Plumbing Company was a sub-contractor under S & R Construction Company, the prime contractor; and that the Herb Banister Plumbing Company is primarily liable and the S & R Construction Company and its insurance carrier

are secondarily liable for the payment of the award made hereunder."

On September 9, 1963, petitioner Banister simultaneously with its notice of appeal to the court en banc from the above order, filed a motion based on newly discovered evidence attaching thereto a copy of a workmen's compensation insurance policy showing the petitioner as the assured. Cross-petitioners also filed their appeal from the above order.

The order of the Industrial Court on appeal in part is as follows:

"It is therefore ORDERED that the order of the Trial Judge heretofore entered in this case on August 29, 1963, be and the same is hereby modified to show that notices were mailed to the respondents, and as modified, said order be adopted, affirmed, and made the judgment of this Court."

Herb Banister Plumbing Company denied under oath that it had received notice of the hearing before the trial judge. Petitioner Banister contends that it was denied due process of law in that it did not have notice of the hearing, was not allowed an opportunity to be heard, and that the Court en banc erred, after its motion was filed, in not remanding the cause to the trial judge to determine whether the petitioner was insured under the Workmen's Compensation Act.

Cross-petitioners contend that after petitioner Banister filed its motion showing that it was insured they were improper parties to the action. Their position will be discussed first.

■■ There is no evidence in the record to sustain the order of the State Industrial Court that S & R Construction Company was the prime contractor and that the Herb Banister Plumbing Company was a subcontractor of S & R Construction Company.

We have held many times that when an award of the State Industrial Court is based on a material finding of fact, unsupported by competent evidence, this Court will va-

cate the award as a matter of law. Hill v. Culligan Soft Water Service Company, Okl., 386 P.2d 1018; Bowling v. Blackwell Zinc Co., Okl., 357 P.2d 1009; Ada Coca-Cola Bottling Co. v. State Industrial Commission, Okl., 341 P.2d 568. S & R Construction Company is entitled to have the award made against it vacated.

The record does not disclose that an order of the Industrial Court was issued setting the case for hearing, or that any notice of any kind was given Banister as to when the hearing would occur. The only mention of notice of hearing in the entire record is the Court's order modifying on appeal "to show that notices were mailed to the respondents."

■■ Entry of an award without notice may be a denial of due process of law even though there is jurisdiction over the person and over the subject matter. Nelson v. Central State Roofing Company, Okl., 345 P.2d 866; Muskogee Iron Works v. Bason, 176 Okl. 298, 55 P.2d 68; Derr v. Weaver, 173 Okl. 140, 47 P.2d 573. By due process of law is meant an orderly proceeding, adapted to the nature of the case, before a tribunal having jurisdiction, which proceeds upon notice, with an opportunity to be heard, with full power to grant relief. Sanitary Land Fill Company v. Pearson, Okl., 330 P.2d 576; Kiespert v. Jenkins, Okl., 324 P.2d 283; Amerada Petroleum Corporation v. Hester, 188 Okl. 394, 109 P.2d 820, and related cases.

■ This case comes within the rule announced in those cases which hold that the proceeding should be conducted so that each party is granted a full and complete hearing on the question presented before an award is made. A. K. Spalding Construction Company v. Walden, Okl., 268 P.2d 247.

■ Where, upon the appeal of a party from an order, decision or award of the trial judge to the entire State Industrial Court sitting en banc, the record reflects that such party, without fault or in fault reasonably excusable, was prevented from appearing and defending the action before

the trial judge, because not notified, such order, decision or award should be vacated and cause remanded to the trial judge for further proceedings. Rodriquez v. Utilities Engineering & Construction, Okl., 281 P. 2d 946.

Claimant's argument and authorities to sustain the order of the State Industrial Court are directed to the question of whether there was notice of injury, a matter in nowise involved in this action.

Therefore the award is vacated and the cause remanded for a full and complete hearing on all phases of the claim consistent with the views hereinabove expressed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.